NANNIE I. DAVIS, APPELLEE, V. OTTO H. MEYER, APPELLANT.

FILED FEBRUARY 14, 1927. No. 24605.

1. Pleading: DEMURRER: WAIVER. "Where a party demurs to a petition because several causes of action are improperly joined, but answers over after an adverse ruling thereon, and goes to trial on the merits of an issue he has elected to join, he waives the error, if any, in such ruling." *Genho v. Jackson,* 99 Neb. 1.

2. Libel and Slander: WORDS NOT ACTIONABLE PER SE. Words, spoken and published of another, are not, ordinarily, slanderous and actionable *per se,* unless they impute to the person of whom spoken the commission of a crime, or subject him to public ridicule, ignominy or disgrace.

3. ———: ———. An alleged utterance that plaintiff is a halfbreed Mexican is not such a charge as subjects the person, of whom it is spoken, to public ridicule, ignominy or disgrace, and is not, therefore, actionable *per se.*

4. ———: EVIDENCE. ADMISSIBILITY. In an action for slander, it is error to permit the plaintiff to testify, over objection, that there are rumors in the neighborhood, similar to the utterances charged to have been made by the defendant, when there is no evidence that the defendant uttered the words, or that such rumors are attributable to him.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed.*

*Claude S. Wilson, Albert S. Johnston* and *John J. Ledwith,* for appellant.

*George E. Hager, contra.*

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

GOOD, J.

This is an action for damages. Plaintiff in her petition declared upon four separate causes of action; the first and second being for assault, the third for malicious prosecution, and the fourth for slander. To this petition a demurrer for misjoinder of causes of action was interposed and overruled. Defendant then filed an answer in the nature of a general denial. A trial of the issues to the court and jury resulted in a verdict for $700 in favor of plaintiff on the fourth cause of action, and finding for defendant on the other causes of action. Defendant appeals.

The propositions relied on for reversal are: (1) Error in overruling defendant's demurrer to the petition; (2) that the pleadings and evidence will not support a judgment for plaintiff on the fourth cause of action; (3) error in the admission of evidence and (4) that the verdict is excessive.

The error, if any, in overruling defendant's demurrer to the petition is not now availing as a ground for reversal. Defendant did not stand upon his demurrer, but answered over. It is held in *Genho v. Jackson,* 99 Neb. 1: "Where a party demurs to a petition because several causes of action are improperly joined, but answers over after an adverse ruling thereon, and goes to trial on the merits of an issue he has elected to join, he waives the error, if any, in such ruling." This has long been the rule in this state.

The second assignment of error relates to the sufficiency of the pleadings and the evidence to support a judgment for plaintiff on the fourth cause of action. In this cause of action, being for slander, the gist of the charge is that defendant maliciously spoke and published of and concerning the plaintiff the following false and defamatory matter: That she was a half-breed Mexican and had shot and killed a man in Oklahoma, meaning that the plaintiff was guilty of the crime of murder. Defendant contends that calling the plaintiff a half-breed Mexican, even if false, is not slanderous *per se,* and, since no innuendo is charged in that respect, the words are not actionable.

Davis v. Meyer.

It is a familiar rule in this state, and we think in most jurisdictions, that words, spoken and published of another, which are not obviously defamatory, will not support an action for damages, unless, by innuendo or otherwise, special damages are pleaded and proved. It is not every false charge against an individual which is sufficient to sustain an action for damages. Unless facts are pleaded and proved which show that plaintiff has sustained actual damages, there can be no recovery if the language used is not actionable *per se*, and, in order to be actionable *per se*, it must impute to the person the commission of a crime or subject him to public ridicule, ignominy or disgrace. *World Publishing Co. v. Mullen*, 43 Neb. 126; *Callfas v. World Publishing Co.*, 93 Neb. 108; *Geisler v. Brown*, 6 Neb. 254; 17 R. C. L. 263, sec. 3.

The charge that plaintiff is a half-breed Mexican amounts to no more than charging that she is a Mexican of half-blood. We are not aware that any court or authority can be found which holds that charging another with being a Mexican of either whole or half-blood is slanderous *per se*. It is true that in some of the southern states it has been held actionable to charge a white person with being a negro or having negro blood in his veins. It must be remembered, however, that these decisions were rendered at a time when most of the negroes in the south were slaves, and to charge a white person with being a negro or having negro blood was, in effect, to charge him with not being a free man, but one either in bondage or born of parents who were in bondage. It is true that in many of the southern states, even at this time, the negro is subject to marked social and legal discrimination. Separate schools and separate compartments on trains are provided for him, and he is not permitted to intermarry with the white race. In this state marriage between a white person and one possessing one-eighth or more negro blood is prohibited. Comp. St. 1922, sec. 1491. No such restriction applies to the citizens of Mexico. The Mexicans are not of the black

or yellow race. According to the International Encyclopedia, about 19 per cent. of the population of Mexico are pure white, 38 per cent. Indians, and 43 per cent. of mixed blood. Within the boundaries of Mexico are represented nearly if not all of the really cultured races of the western hemisphere. It is not perceived that calling one a Mexican can, in any manner, subject him to public ridicule, ignominy or disgrace, any more than it would to call him a half-breed German, Swede, or Canadian. We hold that the words are not actionable *per se*.

The second part of the charge, namely, that the defendant had said of the plaintiff that she had shot and killed a man in Oklahoma, meaning thereby that she had committed murder, imputes to the plaintiff the commission of a crime, which, if sustained by competent evidence, would justify a recovery. The only evidence to which our attention has been called, which relates even remotely to this charge, is that of one witness who testified that in a conversation defendant said of the plaintiff: "Well, he said he understood that shooting was tolerated in the south, but he did not see how they could get by with it here." There is evidence in the record tending to show that plaintiff had shot at defendant a short time prior to this conversation, and it is plain that the conversation related to this circumstance. But this is far from supporting the charge in the petition. Evidence was introduced, over objection, that there were rumors in the neighborhood that plaintiff had shot and killed a man in Oklahoma prior to her coming to Nebraska, but there is nothing in the record to show that such language was spoken by defendant about the plaintiff, or that the rumor was due to anything said by defendant. There is no competent evidence in the record that defendant ever uttered words which would impute to the plaintiff the commission of a crime.

It follows that the first part of the charge in the fourth cause of action is insufficient to justify a recovery, and that the second part is not sustained by the evidence.

Talich v. Marvel.

Over defendant's objection, plaintiff was permitted to testify that there were rumors in the neighborhood that she had shot and killed a man in Oklahoma. Since the record fails to show that defendant ever uttered the words, or that the rumor was attributable to him, it is too plain to admit of argument that such evidence was improperly admitted.

For the reasons given, the judgment of the district court is reversed and the cause remanded.

REVERSED.

Note—See Libel and Slander 17 R. C. L. 414; 36 C. J. 1150 n. 74, 1152 n. 1, 1165 n. 35, 40, 1203 n. 46; 37 C. J. 36 n. 26, 69 n. 46, 73 n. 22, 74 n. 44.