EARL CLINE, APPELLEE, V. ALBERT HOLDREGE, APPELLANT.

FILED DECEMBER 18, 1931. No. 28023.

*Bernard McNeny, L. A. Sprague* and *J. S. Gilham,* for appellant.

*F. J. Munday* and *Leon W. Samuelson, contra.*

Heard before ROSE, GOOD, DAY and PAINE, JJ., and LESLIE, District Judge.

PER CURIAM.

This is an action for slander in which plaintiff recovered judgment for $225, and defendant has appealed.

In the petition it was alleged that defendant, in the presence of others, falsely accused plaintiff of selling a mortgaged hog without the consent of the mortgagee. In his answer defendant admitted that there was a controversy between the parties concerning a hog sold by plaintiff, and averred that previously plaintiff had mortgaged a hog to defendant which the latter believed was the one sold by plaintiff; that defendant insisted that the hog so sold was the one described in the chattel mortgage, and that he was entitled to the proceeds of the sale. Defendant denied the other allegations of the petition.

Defendant, by pleading facts in mitigation, or, as he contends, a qualified privilege, thereby confesses the utterance of the charge. Such a plea is in the nature of confession and avoidance.

Defendant insists that the utterances, if made as

charged, are not slanderous *per se,* and, since no special damages are pleaded by plaintiff, that there could be no recovery. He argues that the words used do not impute a completed crime, but impute, at most, an intention or attempt to commit a crime.

The record, we think, demonstrates the fallacy of this contention. Plaintiff had sold a hog to a dealer; a price per pound had been agreed upon, the hog weighed and delivered, and plaintiff was waiting to receive his check in payment when the controversy arose. Defendant in his answer alleged the sale of the hog by plaintiff. The charge amounted to a present sale of mortgaged property without the consent of the mortgagee. By our statute, the sale of mortgaged chattels, without the written consent of the mortgagee, is an offense, punishment for the commission of which may be imprisonment in the penitentiary.

The rule generally recognized is that, "in case the charge, if true, will subject the party charged to an indictment for a crime involving moral turpitude, or subject him to an infamous punishment, then the words will be in themselves actionable." 36 C. J. 1193. In *Herzog v. Campbell,* 47 Neb. 370, it is held: "Words spoken imputing an indictable offense are actionable *per se,* and no special damage need be proved." See, also, *Pokrok Zapadu Publishing Co. v. Zizkovsky,* 42 Neb. 64.

It is evident that if the charge had been true, plaintiff would have been liable to indictment or prosecution on an information, and might have been punished by imprisonment in the penitentiary and been subjected to infamous punishment. It was properly held by the trial court that the words were actionable *per se.* There was evidence from which the jury could properly find that the utterances were made substantially as charged and in the presence of others, and that the charge was false.

Defendant argues that he was privileged to make the charge because he believed it to be true and owed a duty to inform the purchaser of the hog, for the purpose of preventing the perpetration of a fraud on himself and such purchaser.

Mere belief that one has committed a crime is insufficient to justify one in making the charge. He must have reasonable grounds for the belief and can make the charge only to one interested in the subject-matter. It appears that the mortgage held by defendant was executed two weeks previous to the time of the slanderous utterances, and described a spotted hog weighing 200 pounds, while the hog sold by plaintiff was red and weighed 375 pounds. Defendant saw plaintiff hauling the hog to market and assumed that it was the one on which he held a mortgage. A most casual inspection by defendant would have been sufficient to satisfy him, or any reasonable person, that the hog which plaintiff sold was not the one described in the mortgage. Defendant did not have reasonable grounds for believing the charge true.

Defendant has assigned error in the giving and refusal of instructions. We have carefully examined the charge given and the request for instructions refused and find no error prejudicial to defendant. In fact, the charge was more favorable to defendant than the facts and circumstances warranted. Other assignments of error have been examined and found to be without merit.

No error prejudicial to defendant has been found. The judgment is

AFFIRMED.