JOHN P. DALTON, APPELLANT, V. MARGARET DOROTHY WOOD-
WARD ET AL., APPELLEES.

280 N. W. 215

FILED JUNE 10, 1938. No. 30373.

*Fried & Mars, Gordon Diesing* and *John P. Dalton*, for appellant.

*Abrahams & O'Connor*, contra.

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER, and MESSMORE, JJ.

CARTER, J. ·

In this case the plaintiff, John P. Dalton, brought an action against Margaret Dorothy Woodward, doing business under the name and style of "The Valley Enterprise," George Woodward, Jr., and George Woodward, Sr., her servants and employees, to recover damages for an alleged libel published by the defendants on March 11, 1937, in the Valley Enterprise, a weekly newspaper published at Valley, Nebraska. At the conclusion of plaintiff's case, the trial court directed a verdict for the defendants. From the overruling of his motion for a new trial, plaintiff appeals.

The record discloses that an editorial written by George Woodward, Sr., was published of and concerning the plaintiff, John P. Dalton, an attorney-at-law in Omaha, Nebraska, which plaintiff alleges was libelous because of the inclusion therein of the following quotation:

"But who would have believed an obscure lawyer could have been dug up out of the mud in Omaha to shake himself all over us before the frost goes out. * * *

"The only Daltons I ever knew about that were · not

killed in the Coffeyville, Kans., bank robbery about 45 years ago, died in the state penitentiary. Of course, some may have escaped. Might be. * * *

"Those illustrious men who drafted the Constitution 150 years ago knew that the human race was not only full of falsehood and deceit, but full of envy, jealousy, vicious hate, greed, intolerance, prejudice, and, boy, if you were to have all those infections cut out of your system there wouldn't be enough left of you to bait a mousetrap."

Plaintiff contends that the foregoing excerpts from the editorial in question are libelous *per se*. If such be the case, the plaintiff is not required to allege or prove special damages. *Pokrok Zapadu Publishing Co. v. Zizkovsky*, 42 Neb. 64, 60 N. W. 358; *Cline v. Holdrege*, 122 Neb. 151, 239 N. W. 639. In the case at bar, the plaintiff neither pleaded nor proved special damages. Under this condition of the record, the trial court properly directed a verdict for the defendants, unless the printed statements complained of were libelous *per se*.

An examination of the alleged libelous statements reveals the fact that they do not charge the plaintiff with criminal misconduct nor subject him to public ridicule, ignominy or disgrace, within the meaning of the rule applicable to this class of cases. They do not in any way reflect upon his honesty, integrity or ability as a lawyer. The plaintiff and defendants were complete strangers to each other when the editorial was published. The editorial was brought about by a communication directed to the defendants by the plaintiff which contained statements tending to arouse the ire of the recipients. This situation adds to our belief that the alleged libelous statements should be classified as words of general abuse and vituperation and are not libelous *per se*. This being true, the applicable rule is as follows: The general rule is that mere words of general abuse and vituperation, however opprobrious, ill-natured or vexatious, whether written or spoken, do not constitute a basis for an action for defamation, in the absence of an allegation of special damages.

In *Davis v. Meyer*, 115 Neb. 251, 212 N. W. 435, this court said: "It is a familiar rule in this state, and we think in most jurisdictions, that words, spoken and published of another, which are not obviously defamatory, will not support an action for damages, unless, by innuendo or otherwise, special damages are pleaded and proved. It is not every false charge against an individual which is sufficient to sustain an action for damages. Unless facts are pleaded and proved which show that plaintiff has sustained actual damages, there can be no recovery if the language used is not actionable *per se*, and, in order to be actionable *per se*, it must impute to the person the commission of a crime or subject him to public ridicule, ignominy or disgrace."

And, also, in *Callfas v. World Publishing Co.*, 93 Neb. 108, 139 N. W. 830, this court said: "If the published words are obviously defamatory, that is, libelous *per se*, it is not necessary in the petition to explain the meaning of the words nor to allege any special damages; the law implies damages. If the published words are ambiguous, or are meaningless unless explained, or *prima facie* innocent, but capable of defamatory meaning, it is necessary to specially allege and prove the defamatory meaning of the words used, and to allege and prove special damages. The plaintiff will not be allowed to prove upon the trial a different meaning than that which she has alleged. If the words, with the meaning alleged by the plaintiff, are not libelous, or if no special damages are alleged, the petition fails to state a cause of action. The petition and the publications complained of must be considered in the light of these well-established legal principles."

We necessarily conclude that the quoted portions of the editorial are not libelous *per se*, and, special damages not having been alleged or proved, the trial court properly directed a verdict for the defendants.

AFFIRMED.