LUIS ÁLVAREZ CAMPS, Plaintiff and Appellee, *v.* MANUEL PÉREZ, Defendant and Appellant.

No. 10750. Argued February 16, 1953.—Decided March 9, 1953.

*Nicolás Torres Marrero* for appellant. *Carlos J. Ortiz* for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

In the District Court of Puerto Rico, San Juan Section, Luis Álvarez Camps filed an action for damages, alleging that the defendant's wife had slandered him inasmuch as, in the presence and within earshot of a number of persons, she publicly uttered that plaintiff was a thief and had stolen from her one hundred and eighty dollars, these statements being false.

After a hearing on the merits, the San Juan Court made the following findings of fact which have not been protested on appeal:

"1. That defendant Manuel Pérez is married to Rosa María Rodríguez, with whom he lives as husband and wife in Santurce, San Juan, Puerto Rico.

"2. That between 4:00 and 5:00 P.M. (four and five in the afternoon) of July 7, 1950 and at Tapia Street of Santurce, San Juan, Puerto Rico, Rosa María Rodríguez, defendant's wife, told plaintiff: 'Look here, thief, you stole $180 (one hundred and eighty dollars) from me.'

"3. That the previous phrase was uttered by Rosa María Rodríguez publicly in a loud voice, being heard by plaintiff and other persons who were present.

"4. That plaintiff owed defendant the amount of one hundred dollars ($100) which the latter's wife was trying to collect from plaintiff and which the counter-plaintiff alleges his wife was trying to collect.

"5. That the afore-mentioned conduct of the wife of defendant, counter-claimant, morally affected plaintiff Luis Álvarez Camps adversely causing him also mental sufferings and prejudice to his reputation.

"6. That the court considers the damages suffered by plaintiff in One Thousand Dollars ($1,000).

"7. That plaintiff at no time or at any place uttered neither insulting, slanderous or depressing words against or in the presence of the wife of the defendant, counter-claimant, or in the presence of any person whatsoever. The court gives no credit to the testimonies offered by defendant counter-claimant."

The court *a quo* rendered judgment sustaining the complaint and ordering defendant to pay plaintiff the amount of $1,000 for damages and $250 for attorney's fees. Defendant has appealed assigning the following errors:

"1. The Court of First Instance of Puerto Rico, Superior Court, San Juan Part, committed error in sustaining the complaint, concluding as a matter of law that the wife of the defendant-appellant committed the crime of slander when she falsely imputed on plaintiff-appellee the commission of a public

offense, by virtue of the phrase uttered by the wife of defendant-appellant and addressed to plaintiff-appellee and which was the following: "Look here you thief, you stole $180 from me" (T. E. pp. 9–10), presuming, although it does not appear from the findings of fact of the lower court, that the word thief in the way in which it was used, is slanderous *per se*.

"2. The lower court committed error in rendering judgment ordering defendant-appellant to pay plaintiff-appellee the amount of $1,000 for damages, and $250 attorney's fees."

From plaintiff's evidence believed by the court *a quo*, and from the findings of fact already listed, the following essential facts appear:

1. That plaintiff previously owed an amount of money to defendant's wife, and had not paid it.

2. That when she told plaintiff that he was a thief and had stolen $180 from her, defendant's wife did not mention nor referred to the aforesaid debt, nor addressed her imputation to plaintiff with any words which would make the hearers and the public know that there was a previous debt, nor did she utter any words which tended to show that her accusation was based on the fact that plaintiff had not paid the debt. She confined herself exclusively to stating that plaintiff was a thief and had stolen $180 from her.

The prevailing doctrines in Puerto Rico on the subject matter of this suit are adequately expressed in *Moraza* v. *Rexach, Sporting Corp.*, 68 P.R.R. 433, 439, where the following is stated:

"The district court was apparently of the view that calling a person a 'thief' automatically gives rise to a cause of action for slander, regardless of the surrounding circumstances or the context in which the epithet is used. In finding for the plaintiff, it said that 'In the common parlance of Puerto Rico the word *"pillo"* is a synonym for "thief". To call a person a thief is libelous *per se*. *Jiménez* v. *Díaz Caneja*, 14 P.R.R. 9; *Palou* v. *Ríos*, 23 P.R.R. 337; *Mulero* v. *Martínez*, 58 P.R.R. 322.'

"When a statement is slanderous *per se,* recovery lies without proof of special damages. *Méndez* v. *Kraidman*, 63 P.R.R. 270. But under our statute the statement is slanderous *per se*

only if it imputes to the plaintiff the commission of a crime. Section 3 of the Act establishing the actions of libel and slander, Code of Civil Procedure, 1933 ed., p. 309. A statement that the plaintiff is a thief is therefore slanderous *per se* if the epithet is used literally to impute the commission of a crime. But if the circumstances and context show that the phrase was uttered figuratively as a mere term of abuse in an outburst of excitement and passion, it does not constitute an imputation that the plaintiff committed a crime and is therefore not slanderous *per se*. Annotation, 37 A.L.R. 883; L.R.A. 1917 D 205; *Hansen* v. *Dethridge,* 67 N.Y.S. 2d 168 (1946); *Jones* v. *Hill,* 146 P. 2d 294 (Okla., 1944); *Dalton* v. *Woodward,* 280 N. W. 215 (Neb., 1938); *Shankroff* v. *La Guardia,* 61 N.Y.S. (2) 839 (1935).

"The cases cited by the lower court are in accord with this view. No contention was made in the *Jiménez* case that the defendant was not using the word 'thief' literally. And the actual holding was in favor of the defendant on a question not relevant here. In *Mulero* v. *Martínez, supra; Díaz* v. *P. R. Ry., Light & Power Co.,* 63 P.R.R. 776, and cases cited therein, the statements were clear imputations of crime rather than terms of abuse used figuratively.

"On the other hand, the *Palou* case is directly in point. There the defendant had leased real property to a firm of which the plaintiff was a member. In the course of demanding payment from the plaintiff of instalments of the rent, the defendant called the plaintiff a 'reprobate, a thief and a robber.' We reversed the judgment of the district court in favor of the plaintiff, saying at p. 340:

" 'Now, according to law and jurisprudence, calling a person a thief does not always constitute slander, and after a careful consideration of the evidence introduced and of the findings of fact made by the trial judge, it is not possible, in our opinion, to conclude that the manifest intention of the defendant in this action was to charge the plaintiff with an actual crime of theft or robbery. There is no doubt that the defendant attempted to collect a debt from the plaintiff in an improper and abusive manner. The plaintiff acknowledged the debt, but alleged that not he but a firm of which he was a partner owed the money claimed by the defendant. It was perfectly plain to all who heard the defendant that a business matter was under consideration in which a woman, the defendant, being one of the

parties to the transaction, in a moment of passion or wrath overstepped the limits of both propriety and self-respect, but did not consciously and deliberately charge the commission of a crime.'

"We recently held to the same effect in a criminal case in which the defendant was charged with slander for calling a public official a 'thief.' *People* v. *Pargas,* 67 P.R.R. 767.

"We think it equally plain that here an eighty-year old man, in a moment of indignation while discussing a business transaction, overstepped the bounds of propriety. But his language, when heard as part of the discussions as a whole, was a denunciation of the plaintiff for selling a stable which the speaker thought he had no legal right to sell, and not a deliberate and conscious accusation that the plaintiff had committed a crime. Indeed, the plaintiff himself, in failing to appeal from the judgment dismissing the first cause of action, has apparently conceded that there was some justification for the indignation of Rexach because the plaintiff had sold the stable which was located on the land of the defendant corporation. In any event, whatever the merits of the dispute as to the status of the stable, it is evident that the characterization of Moraza by Rexach as a 'thief, rascal, and good-for-nothing' were expletives produced by annoyance at his conduct and not seriously meant to be an accusation of crime. Indulgence in vituperation and invective is execrable taste; but is not slander *per se.*"

In the afore-cited case and in *Palou* v. *Ríos*, 23 P.R.R. 337, together with the imputations that plaintiff was a "thief" or a "robber" or that plaintiff had stolen, defendant uttered, at the same time or in the same act, other words or terms which tended to explain the origin of the accusation, making it plain that the imputations were based on business matter under consideration between the parties, or on the fact that previous debts existed. Under those circumstances, the persons who heard the words had reasonable grounds to believe that the words uttered did not clearly impute the commission of an offense, nor that such was the intention of the plaintiff, but rather that they were a sort of emotional outpouring produced by a state of excitement or indignation. However, in the case at bar no qualifying words were

expressed. The accusation was clear, naked, absolute and devoid of any sort of explanation. No language was used indicating that the phrase was uttered figuratively. In view of that, the cases in which liability was held because the statements were clear imputations of an offense are in point. *Mulero* v. *Martínez*, 58 P.R.R. 322; *Díaz* v. *P. R. Ry. Light & Power Co.*, 63 P.R.R. 776. In *People* v. *Lugo*, 70 P.R.R. 562, it was held that the phrase "You are a thief, you stole $500 from an uncle of mine" is slanderous *per se*, and that it was uttered with the aim and scope of imputing an offense, the purpose being to express exactly the idea derived from those words, bearing in mind their usual primary and ordinary meaning, and not figuratively speaking as a mere expression of abuse in the heat of anger and passion. It was stated that defendant was guilty, notwithstanding the fact that, between the parties, there had previously been a claim for wages and a coffee sale.

██ The difficulty in this case consists in that, really, the purely subjective intention of the complainant was that of expressing her indignation because plaintiff did not fulfill his obligation of paying the debt but her inner thoughts were not uttered. Those who heard her speak had no basis to verify the intention behind the words.

In those cases in which the imputations are slanderous *per se*, the subjective intention of the person who has uttered the words is irrelevant and does not exempt from liability. *Cock* v. *Patterson Drug Co.*, 39 S. E. 2d 304; *Polakoff* v. *Hill*, 27 N.Y.S. 2d 142; 53 C.J.S. 43. Even if plaintiff, deep down in his conscience, knew the origin and true meaning of the words, it does not exempt the defendant from responsibility inasmuch as, in order to determine the responsibility, the utterance is characterized, not by the internal reaction of plaintiff but by the nature and meaning of the words in themselves and by the fact that those words were heard by third persons. *Walgreen* v. *Cochran*, 61 F. 2d 357; *Koehler* v. *Sircovich*, 269 S. W. 812; *Merkel* v. *Carter Carburetor Corp.*,

175 F. 2d 323; 53 C.J.S. 48, 49. The gravamen and essence of an action refer to the damages caused to a person's reputation, and the reputation depends on the reaction of third persons. 66 Harv. L. Rev. 479, copy of January 1953. It is important in social life to have the credit of other people and the confidence of one's fellows. (See the article written by Dean Roscoe Pound in 29 Harv. L. Rev. 640, 641.) This is a case in which the opinion of others is more relevant than peace of mind. The first error assigned was not committed.[1]

■ Appellant alleges that the judgment was excessive as to the amount of $1,000 for damages and $250 for attorney's fees. Considering all the attendant circumstances we do not believe that the court *a quo* has acted incorrectly in awarding said amounts for damages and attorney's fees and its judgment to that effect must be sustained.

The judgment appealed from will be affirmed.

---

[1] The cause of action in this case arose prior to the enforcement of the Constitution of the Commonwealth of Puerto Rico. See § 8 of the Constitution, which provides that "every person has the right to the protection of law against abusive attacks on his honor, reputation and private or family life."