EDWARD L. SIMON, APPELLANT, v. LONDON GUARANTEE & ACCIDENT COMPANY, APPELLEE.

FILED APRIL 30, 1920. No. 20997.

1. **Libel: MATTER IN PLEADING.** Whatever a litigant may properly plead as a cause of action or ground of defense, when relevant or material to the issue, he may plead with or without malice, and in such case the intent with which he pleaded the same cannot be inquired into or become an issue in an action for libel.

2. ———: ———. Where the relevancy and pertinency of matter alleged in pleading is to be inquired into, all doubt should be resolved in favor of relevancy and pertinency.

3. ———: ———. If there is no reason or object in furtherance of justice and fair dealing to use scandalous and libelous matter, then, when so used, it is not privileged.

4. ———: ———. In an action for libel based on an allegation in a pleading in another action, where it appears that the defamatory matter was wholly gratuitous, irrelevant, and immaterial, that it was well known by defendant to be false and untrue, that it was published without cause or justification and with express malice, it is not privileged.

5. ———: ———. Allegations in a pleading are privileged and cannot serve as a basis for a libel suit, unless it clearly appears that the same were not relevant or pertinent.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*R. J. Green,* for appellant.

*Kennedy, Holland, De Lacy & Horan* and *Strode & Beghtol, contra.*

ALDRICH, J.

This is a suit on an alleged libel consisting of matter stated by defendant in his pleadings and briefs to this court in another action. The plaintiff sued defendant in a former action under the employers' liability act, alleging that plaintiff at the time of the injury was an able-bodied man. Defendant in answer to this allegation alleged that plaintiff prior to the injury was suffering with gonorrhea and syphilis. Plaintiff makes claim for damages by reason of this allegation, claiming it was false, spurious, gratuitous, and not a matter material to the defense. The trial judge held that the matter pleaded was absolutely privileged, and directed a verdict in favor of defendant. Plaintiff appeals.

The question to be decided by us is whether this alleged libel is absolutely privileged. The question whether language which would otherwise be libelous *per se* used in a pleading is privileged, and to what extent it is privileged, is not settled in this state. The law in England and some of the states of this country is that any publication in the course of judicial proceedings, including at least testimony of witnesses, arguments of counsel and pleadings, is absolutely privileged, and that nothing spoken or written, however false or malicious, will support an action for libel. But the prevailing rule in this country is different. Thus it is obviously a question of law, which the court is to determine, whether the alleged defamatory matter either in the petition or the answer was relevant and pertinent to the issues in the case. The trial judge then determines the materiality, relevancy and pertinency of this defense as tendered by the defendant, and it is the weight of American authority that a privilege is absolute when the matter tendered is pertinent or material. *Calkins v. Sumner,* 13 Wis. 215 (*193), 80 Am. Dec. 738. In *Carpenter v. Grimes Pass Placer Mining Co.,* 19 Idaho, 384, there is a very able and philosophical discussion upon the question of privilege in pleading de-

famatory matter either as a defense or matter in a petition, and as it reflects the doctrine of American authority along this line we have concluded to quote some of the syllabi of that case, and as it is based on reason and sound discretion we adopt it. The syllabi in that case are as follows:

"Whatever a party to an action may allege in his pleading as a cause of action or ground of defense that is pertinent or material to the charge made, or against which he is defending, can never give rise to a right of action for libel.

"The ends of justice and the public good can be best served by allowing litigants to freely plead any material matter in a judicial proceeding to which they are parties, holding them accountable only for defamatory matter which is neither pertinent nor material to the issue under inquiry.

"The privilege of freely pleading matters constituting causes of action or grounds of defense must be exercised in good faith, and the courts will determine, as a matter of law, whether the matter pleaded was in fact pertinent or material to the issue joined.

"Whatever a litigant may properly plead as a cause of action or ground of defense as relevant or material to the issue, he may plead with or without malice, and in such case the intent with which he pleaded the same cannot be inquired into or become an issue in an action for libel."

How far the theory of libel and slander may be used in judicial proceedings is fully set forth in the above quotations. It rests upon the sound principle of law that justice, and the greatest good to the greatest number, can best be served by allowing a pleader the benefit of all material matter, limiting him and holding him accountable only for that which is neither relevant nor pertinent; but it is plain that, even though the matter may be defamatory and malicious, yet if it is relevant or pertinent to the issues it is privileged. Parties act-

ing in good faith should be freely allowed to plead mat-ters constituting a cause of action or ground of defense.

The law affords no protection to him who assails and wantonly besmirches the reputation of his adversaries. We hold that whatever a litigant may properly plead as a cause of action or ground of defense, when it is relevant or pertinent to the issues, is privileged.

The allegation of a pleading becomes privileged only when the same is relevant. In *Sherwood v. Powell,* 61 Minn. 479, we have this proposition verified. That case holds that, where it appears from a complaint in an action for libel based on an allegation in a pleading in another action that the defamatory allegation was wholly gratuitous, irrelevant and immaterial, that it was well known by defendant to be false and untrue, that it was published without cause or justification and with express malice, it was not privileged. This states the law as we understand the weight of American authority to be.

In *Hammer v. Forde,* 125 Minn. 146, is another discussion which is typical of the American rule, wherein it is held that allegations in a pleading are privileged and cannot serve as a basis for a libel suit, unless it clearly appears that the same were not pertinent, material or relevant to the controversy in litigation. All doubt should be resolved against the contention that the privilege has been exceeded. Many more cases could be cited in support of this rule.

The concensus of American authority is that, if there is no necessary object in furtherance of justice and fair dealing to use scandalous and libelous matter, then, when so used, it is not privileged. The object and purpose of these rules thus discussed is to get at the truth or to discuss certain indispensable facts upon which truth and justice rest. Also in *Kemper v. Fort,* 219 Pa. St. 85, 123 Am. St. Rep. 623, 13 L. R. A. n. s. 820, there

is a complete discussion that discloses amply the American doctrine on this subject.

Now, in applying this law to the facts herein, we are met with the proposition that plaintiff alleged in his petition that he was an able-bodied man in good health, and the defendant by way of defense alleged that at the time of the injury plaintiff was in poor health, debilitated, and debauched, suffering from venereal diseases, and that the injury complained of was only slight and had no causal relation, but that the real cause was venereal disease. The case came on for trial, and the alleged libel was allowed to remain in the answer. Evidence was taken on this issue of plaintiff's health.

Appellant lays great stress upon the fact that defendant failed to establish this defense, and he cites cases to show that syphilis accelerated by an injury may be compensated. But if the incapacity complained of had been shown to be wholly due to the disease, and not to an aggravation of it, it would have been a good defense. At any rate the matter pleaded was relevant and pertinent.

As hereinbefore stated, allegations in pleadings are privileged if material or pertinent to the controversy in litigation. In order that every one may feel free to seek justice, he should be allowed to state his cause of action or defense fully, and not be subjected to a lawsuit for so doing unless he has clearly abused the privilege. For this reason courts favor a liberal rule. "Where the question of the relevancy and pertinency of matters in pleadings is to be inquired into, all doubt should be resolved in favor of relevancy and pertinency." *Kemper v. Fort, supra.* The complaining party must show that the words, though libelous *per se,* were not relevant or material, and that the author of them was actuated by ill will and malice. These principles are vindicated by the adjudications upon the subject, and are consistent with reason.

Testing the alleged libel by these rules, we hold that the matter pleaded was privileged, and that the trial court was right in directing a verdict in favor of defendant. The judgment is

AFFIRMED.

ROSE and FLANSBURG, JJ., not sitting.