GRANT L. SHUMWAY, APPELLANT, v. STEPHEN K. WAR-
RICK, APPELLEE.

FILED JUNE 12, 1922.   No. 22045.

1. **Libel:** PUBLICATION LIBELOUS PER SE. Published words which
   charge one with malfeasance in office are libelous *per se*.

2. **Banks and Banking:** APPLICATION FOR CHARTER: DUTY OF BOARD.
   When application is made to the state banking board for a charter
   to do a banking business, it is the duty of the board to determine,
   after proper investigation, the integrity and responsibility of the
   persons making the application, and, in conducting the investi-
   gation and determining the questions before them, the board exer-
   cises quasi-judicial powers.

3. ——: ——: ISSUES. The integrity and responsibility of
   plaintiff being matters of pertinent inquiry by the state banking
   board, the issues raised by defendant's protest were relevant and
   material to the inquiry.

4. ——: ——: ORDER: REVIEW. An order of the state banking
   board, made on an application for a bank charter, may be reviewed
   by petition in error to the district court.

5. **Libel:** PRIVILEGED COMMUNICATIONS. In judicial proceedings, the
   test of privilege is not the motive of the libelant but the rele-
   vancy and materiality of the matter published.

6. ——: PLEADING: MALICE. Whatever a litigant may properly
   plead as a cause of action or ground of defense as relevant and
   material to the issue, he may plead with or without malice, and
   in such case the intent with which he pleaded the same cannot be
   inquired into or become an issue in an action for libel, and this
   rule extends to one who files with the state banking board a pro-
   test against the issuance by the board of a bank charter to the
   person named in the protest.

7. **Demurrer.** The demurrer to the petition was properly sustained.

APPEAL from the district court for Scotts Bluff county:
WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Burkett, Wilson, Brown & Wilson,* for appellant.

*F. A. Wright* and *Mothersead & York, contra.*

Heard before MORRISSEY, C. J., DEAN, ALDRICH, DAY and FLANSBURG, JJ.

MORRISSEY, C. J.

Plaintiff filed his petition in libel. Defendant filed a general demurrer. The demurrer was sustained and plaintiff's action dismissed.

The petition contains the following allegations:

(2) That the plaintiff was from January, 1917, to January, 1919, commissioner of public lands and buildings of the state of Nebraska.

(3) That since the first of January, 1919, the plaintiff has been engaged in making financial investments and handling and dealing in real estate and loans for other people, in which business his reputation for honesty, integrity and fair dealing was of great value, and that he had a good reputation in and about Scotts Bluff county for uprightness and probity of character.

(4) That the defendant is a man of great wealth and influence in Scotts Bluff county and surrounding territory, and is president of the First National Bank of Scottsbluff, and by that position he has great influence in the community.

(5) That on or about the 19th day of April, 1919, the plaintiff and others formed a banking association under the name of "Commercial State Bank of Scottsbluff" and adopted articles of incorporation, and on the 8th day of May, 1919, filed with the banking board an application for a charter to do a banking business.

(6) That the plaintiff was at the time of making said application a stockholder in said Commercial State Bank, holding 110 shares of the capital stock thereof of the face value of $100 each, and was one of the promoters and organizers of said bank.

(10) That on or about the said 13th day of June, 1919, the defendant wrote and published of and concerning this

plaintiff the following false and libelous language, to wit:

"The protestant (meaning the defendant herein) questions the integrity of G. L. Shumway (meaning the plaintiff herein) while he held the office of commissioner of public lands and buildings of the state of Nebraska in connection with the potash industry of Nebraska (meaning and intending thereby to charge, and charging, this plaintiff with malfeasance in the office of commissioner of public lands and buildings of the state of Nebraska)."

(11) Plaintiff says that the language used by the defendant of and concerning this plaintiff as set forth in the tenth paragraph of this petition was contained in a document in the form of a protest, filed in the office of the state banking board of the state of Nebraska, for the purpose of preventing this plaintiff and his associates from obtaining a charter for said bank, and that said protest was filed by the defendant and was uttered and published by the defendant of and concerning the plaintiff.

(12) By reason of the filing of said protest, said libelous matter gained great circulation in the state of Nebraska and in Scotts Bluff county, and was largely copied and circulated by the public press of said county and of said state.

(13) Plaintiff further says that in using, writing, and publishing the said libelous language of and concerning this plaintiff, set forth in the tenth paragraph of this petition, the defendant was impelled and actuated by hatred, ill will, and express malice toward this plaintiff, and that each and all of said charges and insinuations were and are false and were known at the time of their publication to the defendant to be false.

(15) That, by reason of the foregoing facts, the plaintiff was damaged in his good name and reputation to the amount of $50,000.

For the purposes of this review the demurrer admits the truth of each and every allegation of the petition that is well pleaded, including the allegation that in writing and publishing the matter complained of defendant was actu-

ated "by hatred, ill will, and express malice, * * * and that each and all of said charges and insinuations were and are false and were known at the time of the publication by defendant to be false."

In addition to the allegations of the petition set out, it contains two other counts. But, disregarding the rule of absolute privilege claimed by defendant, the language used was not actionable, and we, therefore, omit them.

The accusation of malfeasance in office was a serious charge made, as confessed on the record, with malice. "Words which impute a want of integrity to any one holding an office of confidence or trust, whether an office of profit or not, are clearly actionable in themselves." Newell, Slander and Libel, (3d ed.) sec. 184. The language used was libelous *per se.* Defendant relies upon the rule of absolute privilege, and asserts that though the language may be libelous it cannot be made the basis for an action for damages. In order to determine this question it is necessary to consider the functions of the tribunal before which plaintiff's application for a banking charter was pending, and the nature of the proceeding therein. Chapter 6, Rev. St. 1913, being sections 280-345, inclusive, is a comprehensive act creating a banking board and establishing rules and regulations for the organization of banks, issuance of charters thereto, and prescribing general regulations for the conduct of institutions organized under its provisions. Under section 284 a state banking board is created and is given general supervision and control of banks and banking within the state, and it is specifically provided that no person, or persons, shall be permitted to engage in or transact a banking business save corporations having complied with the provisions of the statute; provision being made to exempt from the operation of the act banks organized under the laws of the United States. By section 290 it is made unlawful for any person or corporation to conduct a bank or to engage in or transact a banking business without first procuring a charter from the banking board. Section 295 provides that after the examination and approval

of certain statements required to be filed the banking
board, "if, upon investigation, it shall be satisfied that the
parties requesting said charters are parties of integrity
and responsibility, shall * * * issue to said corporation the
certificate provided for." The banking board is charged
with the duty of making an investigation as to the integ-
rity and responsibility of parties applying for a charter to
do a banking business. Under this provision of the statute
the integrity and responsibility of plaintiff were directly
involved in the proceeding. After inquiry it was the duty
of the board to determine the integrity and responsibility
of the applicant. In this it was exercising quasi-judicial
powers.

"When the law commits to any officer the duty of look-
ing into facts and acting upon them, not in a way which
it specifically directs, but after a discretion in its nature
judicial, the function is quasi-judicial." *Mitchell v. Clay
County,* 69 Neb. 779. On rehearing the judgment wherein
this rule was announced was set aside, but the rule of law
was not changed. See, also, *Mathews v. Hedlund,* 82 Neb.
825, and cases cited; *State v. Morehead,* 99 Neb. 146.

The integrity and responsibility of plaintiff being mat-
ters of pertinent inquiry by the banking board, the issues
raised by defendant's protest were relevant and material to
the inquiry.

But plaintiff asserts that defendant is not protected by
the rule of absolute privilege because his rights and in-
terests were not directly involved in the matters before
the banking board. In *Flynn v. Boglarsky,* 164 Mich. 513,
32 L. R. A. n. s. 740, defendants caused to be signed and
presented to a police justice a petition requesting that the
plaintiff and his wife be required to vacate the premises
where they resided on the ground that they were disturbers
of the peace, quarrelsome, and a general nuisance. The
court held that, as the matter stated in the petition was
pertinent and material to a matter in which the justice
had jurisdiction, the statements it contained were abso-
lutely privileged in so far as the proceeding before the

justice was concerned.  And in *Reycraft v. McDonald*, 194 Mich. 500, we find the following language:

"Statements made by defendant to the judge of probate, no one else being present, in instituting proceedings to have plaintiff's sanity judicially determined under Act No. 100, Pub. Acts 1909 (1 Comp. Laws 1915, sec. 1325)', were absolutely privileged and cannot be made the basis of an action for slander, notwithstanding defendant did not belong to any of the classes of persons authorized by said act to bring such proceedings."

But defendant's right to invoke the rule of absolute privilege may be placed on another ground.  He had the right to appear before the banking board and protest against the issuance of the charter sought by plaintiff and his associates; and, if defendant's protest had been overruled, he might have prosecuted error to the district court. Rev. St. 1913, sec. 8175; *State v. Morehead*, 101 Neb. 37. This being true, it would be paradoxical to hold that he was merely an interloper, a stranger to the proceedings, and therefore denied the privileges and immunities granted a party litigant.  Appellant lays stress upon the admitted fact that in publishing the libel defendant was actuated by malice, hatred, and ill will.  However, this court is committed to the rule that, in judicial proceedings, the test of privilege is not the motive of the libelant but the relevancy and materiality of the matter published.

Adopting the language of the supreme court of Idaho, this court has said:

"Whatever a litigant may properly plead as a cause of action or ground of defense as relevant or material to the issue, he may plead with or without malice, and in such case the intent with which he pleaded the same cannot be inquired into or become an issue in an action for libel." *Simon v. London Guarantee & Accident Co.*, 104 Neb. 524. See, also, *Carpenter v. Grimes Pass Placer Mining Co.*, 19 Idaho, 384, and authorities there cited.

The demurrer was properly sustained, and the judgment of the district court is                    AFFIRMED.