JOHN W. SINNETT, APPELLANT, v. RONALD M. ALBERT ET AL.,
APPELLEES.

195 N. W. 2d 506

Filed March 17, 1972.   No. 38079.

Claude D. Shokes and Douglas McArthur, for appellant.

William H. Mecham and Carl L. Klekers, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is an action by plaintiff, John W. Sinnett, against defendants, Ronald M. Albert and Hie Food Products, Inc., for damages for libel.  At the close of the plaintiff's case, the district court sustained defendants' motion for a directed verdict and dismissed the plaintiff's petition.  The critical issue on appeal involves the nature

and extent of "privilege" where the alleged defamation of the plaintiff occurred in connection with proceedings to disbar or discipline an attorney who is not the plaintiff.

It should be noted that in Nebraska, proceedings before a committee on inquiry must be had prior to instituting the judicial procedure for discipline of attorneys. Unless requested by the attorney charged, neither the hearing, records, or proceedings of the committee on inquiry shall be made public nor any publicity be given thereto prior to the filing of a complaint against the attorney in this court. See, Rules Creating, Controlling and Regulating the Nebraska State Bar Association, Article XI, paragraphs 10 and 11; and Revised Rules of the Supreme Court of Nebraska, Disciplinary Proceedings, paragraphs 10 and 11, p. 32 (November 15, 1971).

The defamatory statement here was a part of a complaint lodged by the individual defendant with a committee on inquiry of the Nebraska State Bar Association against an attorney. The complaint involved the attorney's conduct in connection with a previous lawsuit between the parties involved here. Although the allegedly defamatory statement was never admitted into evidence, it may be inferred that it was an incidental or explanatory part of the complaint against the attorney. The members of the committe on inquiry properly refused to testify as to any of the records or proceedings before the committee.

Although the plaintiff asserts various errors in connection with the exclusion of evidence, we do not reach those matters in view of our determination on the basic issue of privilege.

"The absolute privilege to publish defamatory matter under the circumstances to which the privilege applies is based upon the ground that 'there are certain relations of life in which it is so important that the persons engaged in them should be able to speak freely that the law takes the risk of their abusing the occasion and speaking maliciously as well as untruly, and in order

that their duties may be carried on freely and without fear of any action being brought against them, it says: "We will treat as absolutely privileged any statement made in the performance of these duties." ' " Ramstead v. Morgan, 219 Ore. 383, 347 P. 2d 594 (1959). See, also, Restatement, Torts, Introductory Note, Chapter 25, Title B, p. 223.

The absolute privilege attaches to defamatory statements made incident to, and in the course of, a judicial proceeding if the defamatory matter has some relation to the proceedings. Restatement, Torts, §§ 586, 587, and 588, pp. 229 to 234; Annotation, 77 A. L. R. 2d 493.

The rule of absolute privilege is applicable not only to judicial proceedings but to quasi-judicial proceedings as well. Shumway v. Warrick, 108 Neb. 652, 189 N. W. 301. As to judicial proceedings, it is not necessary that the defamatory matter be relevant or pertinent to any issue before the court. It is necessary only that it have some relevance to the judicial function which is being performed. See Reller v. Ankeny, 160 Neb. 47, 68 N. W. 2d 686. Even in a quasi-judicial proceeding, the relevancy of the defamatory matter is not a technical legal relevancy but instead a general frame of reference and relationship to the subject matter of the action. Fenning v. S. G. Holding Corp., 47 N. J. Super. 110, 135 A. 2d 346; Shumway v. Warrick, *supra.*

Proceedings for the discipline or disbarment of attorneys have been regarded as judicial in character. On the issue of privilege in connection with complaints or institution of proceedings to discipline or disbar attorneys, the case of Ramstead v. Morgan, 219 Ore. 383, 347 P. 2d 594 (1959), is a leading case. After an extensive review of the authorities involved, the court noted that if the defendant's letter of complaint had set in motion the bar's trial procedure and he had been called before the trial committee to testify as a witness, the quasi-judicial character of the proceeding would warrant the application of the rule of absolute privilege. The

court then said: "Considering the purpose of the rule, we think that relevant statements made in a complaint designed to initiate such quasi-judicial action should also be protected. * * * Our conclusion rests upon the basic premise that disciplinary proceedings are carried on as one of the processes of this court. It makes no difference whether the process is denominated judicial or quasi-judicial; it is an integral part of the functioning of the judicial branch of government and the process includes the filing of an informal complaint by one who wishes to charge an attorney with unprofessional conduct."

We think it deserves comment that all of the proceedings before the committee on inquiry were completely protected from public disclosure while any judicial proceeding which might have followed would no longer be private. It is unquestioned that there is an absolute privilege to publish false and defamatory matter in judicial proceedings, where the matter has some relation to the proceeding. We therefore hold that the same rule of absolute privilege attaches to defamatory statements contained in a complaint made to the committee on inquiry of the Nebraska State Bar Association regarding the alleged misconduct of an attorney. The rule applies whether or not the complaint resulted in later formal hearings.

People have a right to complain about professional misconduct of an attorney to the properly constituted authorities. The exercise of that right should not be discouraged by fear on the part of the complainant that he may have to defend a lawsuit for defamation by anyone who deems himself defamed by relevant statements made in the complaint. Reasonable demands of sound public policy require the imposition of absolute privilege. Where the defamatory matter has some relation to the proceeding, that shield of immunity defends the complainant not only from the attorney complained

against but against any other person who might have been defamed.

One other issue must be covered. The plaintiff's original attorney in this action was required to withdraw as counsel immediately following the voir dire when the court became aware that the counsel was expecting to be a witness. Plaintiff complains that this was improper because it may have worked a substantial hardship. It is against sound principles of professional ethics for one who knows that he is to be called as a material witness in a case to appear as attorney therein. Muse v. Stewart, 173 Neb. 520, 113 N. W. 2d 644; American Bar Association Code of Professional Responsibility, Dr 5-101. Even an inexperienced lawyer must be charged with knowledge of so basic a rule of professional conduct.

The judgment of the district court is affirmed.

AFFIRMED.