CHARLES BECKENHAUER, APPELLANT, v. MELVIN PREDOEHL ET AL., APPELLEES.

338 N.W.2d 618

Filed September 23, 1983. No. 83-140.

Hurt, Gallant & Flores, for appellant.

Wallace Hopkins of Marks, Clare, Hopkins, Rauth & Cuddigan, and Joseph M. Dea and Diana Merkel, for appellees Predoehl and Cutsor.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

PER CURIAM.

This is an action for damages for libel, brought by Charles Beckenhauer as plaintiff. The defamatory material was contained in a notice of disallowance of claim filed in proceedings to administer the estate of Herman Melcher, deceased.

The defendant Melvin Predoehl is the personal representative of the deceased. Kenneth L. Michaelis was the attorney representing the personal representative at the time the notice of disallowance of claim was filed. Lauree Cutsor is a sister of the deceased and one of his heirs.

The body of the deceased was discovered at his farm on May 27, 1980, by a neighbor. The county attorney and sheriff were called to the scene, and they in turn asked Kenneth H. Beckenhauer, a lawyer, to come to the farm. At that time Charles Beckenhauer and Kenneth Beckenhauer were partners engaged in the practice of law. The deceased had no relatives living in the vicinity and Kenneth Beckenhauer had handled some legal matters for the deceased.

Kenneth Beckenhauer notified Mrs. Cutsor of the death of her brother and assisted in making some of the arrangements for the funeral. He also talked with Mrs. Cutsor on several occasions but was not employed to commence proceedings to administer the estate.

After administration proceedings had been commenced, Kenneth Beckenhauer filed a claim for services and expenses. The claim was filed on behalf of "Charles B. & Kenneth H. Beckenhauer, attorneys." A notice of disallowance of claim, prepared by Michaelis, signed by Predoehl, and apparently approved by Mrs. Cutsor, was filed in the estate proceeding. The following statement signed by Predoehl was added at the bottom of the form following the certificate of mailing: "The family of Herman A. Melcher, deceased, are in total agreement and state that at no time did any of said family

or relatives of the decedent hire or retain Mr. Beckenhauer or any other Cuming County attorney as their lawyer or as the lawyer for this estate. Other attorneys tried various machinations inorder [sic] to obtain control of this estate.

"The decedent's two surviving siblings are very disenchanted, disgusted, and condemning of the actions of other lawyers in Cuming County who have acted either officiously and/or solicitously to obtain control and money out of this estate. Mrs. Lauree Cutsor, her three sons, and Mr. Raymond Melcher have repeatedly stated that they have very [sic] reason to believe that other attorneys in Cuming County wanted this estate inorder [sic] to indirectly steal from this estate—if not directly.

"The Melcher family are certain that the attorneys prior acted improperly, if not unethically. The Melcher family fear that theft by some Cuming County lawyers was immenent [sic] if it did not already occur. The family states its full confidence in the first attorney retained by Mrs. Cutsor, Mr. Ken L. Michaelis, and they refuse to allow further theft from this estate by attorneys and their lust and greed.

"The Beckenhauer law firm have been overly paid for their work in abstracting and land contracts in the eyes of the Melcher family. Our objection IS TOTAL except for $5.78.

"/s/ Melvin Predoehl P.R.

Melvin Predoehl, Personal Representative"

At the close of the plaintiff's evidence the trial court dismissed the petition on the ground that the statement was privileged. The plaintiff has appealed. The principal issue upon the appeal is whether the statement was privileged.

It is a well-established rule that libelous matter in a pleading which is relevant to, or has some reasonable relation to, the judicial proceeding in which it is filed is absolutely privileged. See, Annot., 38

A.L.R.3d 272 (1971); Restatement (Second) of Torts §§ 586-587 (1977).

In *Simon v. London Guarantee & Accident Co.*, 104 Neb. 524, 528, 177 N.W. 824, 825 (1920), this court said: "[A]llegations in pleadings are privileged if material or pertinent to the controversy in litigation. . . . 'Where the question of the relevancy and pertinency of matters in pleadings is to be inquired into, all doubt should be resolved in favor of relevancy and pertinency.'"

If it clearly appears that the allegations in a pleading are not pertinent, material, or relevant to the controversy in litigation, they are not privileged and may serve as the basis for a libel suit. *Simon v. London Guarantee & Accident Co.*, *supra*. Whether allegations in a pleading are privileged is a question of law.

In *Sinnett v. Albert*, 188 Neb. 176, 179, 195 N.W.2d 506, 509 (1972), we said: "[T]here is an absolute privilege to publish false and defamatory matter in judicial proceedings, where the matter has some relation to the proceeding."

The absolute privilege attaches to defamatory statements made incident to and in the course of a judicial proceeding if the defamatory matter has some relation to the proceeding. It is not necessary that the defamatory matter be relevant or pertinent to any issue before the court. It is necessary only that it have some relevance to the judicial function which is being performed. *Sinnett v. Albert*, *supra*. See, also, *Reller v. Ankeny*, 160 Neb. 47, 68 N.W.2d 686 (1955); *Shumway v. Warrick*, 108 Neb. 652, 189 N.W. 301 (1922).

The real issue in this case is whether the defamatory material was relevant or pertinent to the claim filed by Kenneth Beckenhauer.

It should be apparent to all that the statement was wholly unnecessary to the notice of disallowance of claim and served only to defame members of the bar in Cuming County, Nebraska. Since the defend-

ant Michaelis has been disbarred, it is unnecessary to comment further on the unprofessional nature of the document and the risk and expense to which he subjected his clients.

The Restatement makes it clear that the defamatory matter need not be relevant to any issue before the court, but is privileged if it has some reference to the judicial function the judge is performing. If the defamatory matter has some reference to the subject matter of the litigation, it is privileged. The Restatement, *supra* at Comment *c* at 248, 249.

Tested by the rules which have been stated above, we conclude that the defamatory material contained in the notice of disallowance of claim was privileged. Although admittedly weak, it had some relation to the matter in controversy. The judgment of the District Court is therefore affirmed.

AFFIRMED.

McCOWN, J., not participating.