JOAN M. KNIGHT, APPELLANT, V. ROBERT E. KNIGHT, APPELLEE.

497 N.W.2d 692

Filed December 29, 1992.   No. A-90-792.

T.J. Hallinan, of Cobb, Hallinan & Ehrlich, P.C., for appellant.

John F. Simmons, of Simmons, Olsen, Ediger & Selzer, P.C., for appellee.

CONNOLLY and MILLER-LERMAN, Judges, and HENDRIX, District Judge, Retired.

HENDRIX, District Judge, Retired.

This is a damage action for libel and slander filed by the plaintiff, Joan M. Knight, against the defendant, Robert E. Knight, who was her brother-in-law at the time of the incidents involved in the action. The plaintiff will be referred to as Joan, and the defendant will be referred to as Robert.

Joan alleges that Robert stated to officers of the Alliance National Bank and to the public in general that Joan assaulted her husband on the night of August 4, 1988, by attacking him and cutting him with a knife and that the statement was false and in disregard of the facts. Robert denies generally and alleges that any statements made were privileged, were made without actual malice, and were made with grounds for believing them to be true.

Robert moved for partial summary judgment, claiming that oral and written statements made to the Alliance Police Department were absolutely privileged and could not form the basis of an action for defamation. This motion was sustained.

Robert also filed a motion in limine requesting the court to instruct Joan and her counsel to not convey information to the jury concerning written or oral statements to law enforcement personnel. This motion was sustained.

There are a number of assigned errors, but we will restrict ourselves to the ruling on partial summary judgment, since that ruling will dispose of this appeal.

Robert, at various times after August 4, 1988, made detailed memoranda of the events of that night and for a period thereafter. The memoranda included matters known to Robert, matters heard by him, and his comments thereon. The memoranda were signed and notarized. While the evidence was that they were prepared in case of his murder or other form of death, copies were delivered to the Alliance Police Department while it was investigating the August 4 event. Among the contents of the memoranda were statements implicating Joan in an assault. Robert also discussed the case orally with the police department. No criminal proceedings were filed.

As to summary judgment, the standard is that it should be granted if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Mason State Bank v. Sekutera*, 236 Neb. 361, 461 N.W.2d 517 (1990).

A crucial question presented is whether communications to the police in this case are absolutely privileged or conditionally privileged. If absolutely privileged, the memoranda and statements could not be presented to the jury. If conditionally privileged and malice is an issue, Joan should have had the opportunity to present the memoranda and statements to the jury.

Nebraska cases have not definitively addressed the issue in this case. But, see, *Schleich v. Archbishop Bergan Mercy Hosp.*, 241 Neb. 765, 491 N.W.2d 307 (1992) (qualified privilege for a citizen to report facts to the proper governmental authorities); *Johnson v. First Nat. Bank & Trust Co.*, 207 Neb. 521, 300 N.W.2d 10 (1980) (informer who merely states knowledge of supposed offense to peace officer not liable if officer makes the arrest upon his own judgment). Cases from

other jurisdictions are not entirely consistent, but the general rule is that no absolute privilege applies to statements made to police officers. The privilege is conditional and is lost in the event of malice. The rule is stated at 53 C.J.S. *Libel and Slander* § 83 at 154-55 (1987) as follows:

> On grounds of public policy, and sometimes by virtue of statute, communications which would otherwise be defamatory are protected as privileged, if they are made in good faith in the course of a criminal investigation . . . .
>
> . . . .
>
> The privilege is lost if the communication is made maliciously, without good faith or without an honest belief in its truth, based on reasonable grounds . . . .

To the same effect, that the privilege is generally held to be only conditional, see, 50 Am. Jur. 2d *Libel and Slander* § 214 (1970); and Annot., 140 A.L.R. 1471 (1942).

We recognize that there is an absolute privilege granted to parties in judicial and quasi-judicial proceedings and that the privilege applies to defamatory statements made incident to the proceedings if the defamatory matter has some relation thereto. *Sinnett v. Albert*, 188 Neb. 176, 195 N.W.2d 506 (1972); *Beckenhauer v. Predoehl*, 215 Neb. 347, 338 N.W.2d 618 (1983); Restatement (Second) of Torts §§ 586, 587, and 588, comments (1977). But see *Pierce v. Oard*, 23 Neb. 828, 37 N.W. 677 (1888) (unprocessed complaint for theft was held to be only conditionally privileged).

The statements made were not made in a judicial or quasi-judicial proceeding, nor were they a part of any judicial proceeding. Obviously, a police investigation may produce evidence later used in litigation, as is the case with many activities. It is not, however, a judicial proceeding, but an executive one. While the administration of justice requires an absolute privilege in judicial matters, it does not appear that the absolute privilege should be extended to statements to police, as made in this case. Such an extension would expand the area for which no remedy would exist. Accordingly, we find that the communications made to law enforcement personnel in this case were conditionally privileged and that the court's ruling on the defendant's motion for summary judgment was error,

affected the trial proceedings, and requires reversal.

REVERSED AND REMANDED FOR A NEW TRIAL.