GARY HOWARD DREW, APPELLANT, V. THOMAS DAVIDSON, M.D., AND ALEGENT HEALTH SERVICES, A NEBRASKA CORPORATION, APPELLEES.

667 N.W.2d 560

Filed August 5, 2003.   No. A-02-052.

Terrence J. Salerno for appellant.

David L. Welch, of Gaines, Pansing & Hogan, for appellees.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Gary Howard Drew appeals from an order of the Douglas County District Court sustaining the demurrer of Thomas Davidson, M.D., and Alegent Health Services (collectively Appellees) to Drew's second amended petition. Drew contends that the district court erred when it sustained Appellees' demurrer. Drew argues that the district court erred in not allowing him the opportunity to further amend his petition and in dismissing his petition with prejudice. For the reasons stated herein, we affirm.

## II. BACKGROUND

On June 28, 2001, Drew filed a petition alleging that Davidson committed medical malpractice when he made certain statements regarding Drew's mental health and the health of Drew's child. Drew alleged that Davidson signed an affidavit with statements about Drew's health on June 29, 1999. We note that Davidson's affidavit was prepared in connection with custody issues Drew and his wife were experiencing. Specifically, Drew alleged that Davidson signed the affidavit subsequently to a petition filed by Drew seeking a protection order for his child.

In this case, Drew alleged in his petition that Davidson diagnosed Drew's daughter with brain damage. Drew contends that Davidson then contradicted himself when Davidson stated in his affidavit that Drew's daughter did not have brain damage and that Drew needed a " 'full psychiatric evaluation before being allowed to be alone with any of his children.' " Davidson also allegedly stated in his affidavit, " 'It is a travesty and a danger for the children to continue in the placement with [Drew.]' " Drew alleged that Davidson further stated in his affidavit that Drew was " 'delusional in his thinking.' " Drew contended that these statements were made outside Davidson's expertise and that thus, Davidson acted negligently in making such a diagnosis.

Drew's second cause of action was based on the above statements made by Davidson, alleging that they constituted a cause

of action for negligent infliction of emotional distress. Other causes of action were alleged in this petition, but they are not pertinent to this appeal. On July 16, 2001, Appellees filed a motion to make more definite and certain. On July 25, the district court entered an order sustaining in part Appellees' motion and allowing Drew time to amend his petition.

Drew filed his first amended petition on August 1, 2001. Drew alleged the same causes of action, attempting to correct the problems the court previously found. On August 6, Appellees filed a demurrer to Drew's first amended petition. A hearing was held on September 11, and an order was entered on November 2. The district court found that Davidson's affidavit did not constitute "negligence or medical malpractice." The court also dismissed Drew's other two causes of action with prejudice.

The record indicates that Drew filed his second amended petition on November 29, 2001, after receiving permission from the court to file it out of time. Drew's second amended petition is the operative petition on appeal. Drew seems to argue in his second amended petition that Davidson committed malpractice by making the statements he did in his affidavit.

Drew also alleged that the statements made by Davidson gave rise to a cause of action for "intentional infliction of emotional distress." Drew alleged that Davidson's infliction of emotional distress was so severe that no reasonable person could expect to endure it and that there is a medically diagnosable condition of posttraumatic stress disorder that is of sufficient severity that it is medically significant. Drew alleged that Davidson knew that his affidavit would cause Drew "great emotional stress" and that the affidavit would be the proximate cause of Drew's emotional distress. We note that in each petition, Drew alleged that Alegent Health Services was liable for the actions of Davidson because it was Davidson's employer.

On December 4, 2001, Appellees filed a demurrer to Drew's second amended petition. On December 10, a hearing was held on Appellees' motion. The district court found that Drew's "Second Amended Petition assert[ed] facts previously demurred to and sustained by [the district] Court." The district court found that the second amended petition alleged insufficient facts to plead a cause of action against Appellees. The district court then

dismissed Drew's second amended petition with prejudice. This timely appeal followed.

## III. ASSIGNMENTS OF ERROR

Drew assigns four errors on appeal, which we consolidate for discussion to two. First, Drew contends that the court erred when it sustained Appellees' demurrer. Second, Drew contends that the court erred when it did not allow Drew the opportunity to further amend his petition.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

When reviewing an order sustaining a demurrer, an appellate court accepts the truth of the facts which are well pled, together with the proper and reasonable inferences of law and fact which may be drawn therefrom, but does not accept as true the conclusions of the pleader. *Vowers & Sons, Inc. v. Strasheim*, 248 Neb. 699, 538 N.W.2d 756 (1995); *Seevers v. Potter*, 248 Neb. 621, 537 N.W.2d 505 (1995); *Proctor v. Minnesota Mut. Fire & Cas.*, 248 Neb. 289, 534 N.W.2d 326 (1995). An appellate court cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Vowers & Sons, Inc. v. Strasheim, supra; Proctor v. Minnesota Mut. Fire & Cas., supra; Dalition v. Langemeier*, 246 Neb. 993, 524 N.W.2d 336 (1994).

As to questions of law, an appellate court has an obligation to reach a conclusion independent from a trial court's conclusion in a judgment under review. *Seevers v. Potter, supra; George Rose & Sons v. Nebraska Dept. of Revenue*, 248 Neb. 92, 532 N.W.2d 18 (1995).

### 2. SUSTAINING APPELLEES' DEMURRER

Drew contends that the district court erred when it sustained Appellees' demurrer. Drew contends that there were sufficient facts pled to sustain causes of action for medical malpractice and intentional infliction of emotional distress. Appellees contend that the statements in Davidson's affidavit are "absolutely privileged" because they were made in "the course of a judicial proceeding." Brief for appellees at 18.

Before we reach the merits of the case, we will address Appellees' contention that the statements contained in Davidson's affidavit are absolutely privileged and therefore cannot be the basis for actions for medical malpractice and intentional infliction of emotional distress. Appellees rely on *Beckenhauer v. Predoehl*, 215 Neb. 347, 338 N.W.2d 618 (1983), to support their argument. *Beckenhauer* states, "It is a well-established rule that libelous matter in a *pleading* which is relevant to, or has some reasonable relation to, the judicial proceeding in which it is filed is absolutely privileged." (Emphasis supplied.) 215 Neb. at 349, 338 N.W.2d at 620. Since the statements at issue in the instant case are contained in an affidavit, not a *pleading*, this case does not seem to provide Davidson with absolute immunity. However, a search of literature nationally reveals that many states provide immunity for statements made *during any part* of the judicial proceeding or process. There are other requirements that must be met for statements to be provided immunity, which requirements we will now discuss.

In *Navarette v. Holland*, 109 Cal. App. 4th 13, 134 Cal. Rptr. 2d 403 (2003), the California Court of Appeals dealt with the issue of whether or not the statements contained in a police report should be afforded absolute immunity. The plaintiff in *Navarette* was a former criminal defendant who had been acquitted of spousal abuse charges and sued the complainant from the criminal case, alleging, inter alia, defamation and intentional infliction of emotional distress. The court found that the fact that the "police report is not itself a judicial or quasi-judicial proceeding does not preclude the application of an absolute privilege." *Id.* at 20, 134 Cal. Rptr. 2d at 409. "Once a court concludes that a communication is made for the purpose of instituting a judicial proceeding, the communication is necessarily [privileged.]" *Id.* The *Navarette* court found that the statements the complainant made to the police were privileged and could not be the basis for a defamation or intentional infliction of emotional distress lawsuit.

In *Preston v. O'Rourke*, 74 Conn. App. 301, 811 A.2d 753 (2002), the plaintiff, a former prosecutor, brought an action against the defendant to recover damages for, inter alia, intentional infliction of emotional distress and libel and slander after the plaintiff's employment was terminated based on his alleged

behavior toward the defendant. The Connecticut Court of Appeals stated:

"In Connecticut, parties to or witnesses before judicial or quasi-judicial proceedings are entitled to absolute immunity for the content of statements made therein." [Citation omitted.] ". . . The policy underlying the privilege is that in certain situations the public interest in having people speak freely outweighs the risk that individuals will occasionally abuse the privilege by making false and malicious statements."

*Id.* at 311, 811 A.2d at 760-61.

The court went on to state that the " 'absolute privilege itself is not confined to the testimony of a witness but extends to any statement made in the course of a judicial proceeding, whether or not given under oath, so long as it is pertinent to the controversy. . . .' " *Id.* at 311-12, 811 A.2d at 761. The court found that the trial court did not err in granting summary judgment in favor of the defendant and dismissing the plaintiff's suit for intentional infliction of emotional distress.

■ In *Morley v. Gory*, 814 A.2d 762 (Pa. Super. 2002), the plaintiff brought an action alleging that witnesses had conspired to commit perjury and did commit perjury during a nonjury trial which resulted in a judgment against the plaintiff. The Pennsylvania Superior Court found that " 'statements by a party, a witness, counsel, or a judge cannot be the basis of a defamation action whether they occur in the pleadings or in open court.' " *Id.* at 765. The court also found that *"no action will lie* for words spoken or written in the course of giving evidence." (Emphasis supplied.) *Id.* The plaintiff's petition was dismissed.

■ In *Gustafson v. Mazer*, 113 Wash. App. 770, 54 P.3d 743 (2002), the plaintiff brought an action for negligence and defamation against a psychologist who prepared a report for a child custody proceeding. The Washington Court of Appeals found that generally, witness immunity is an absolute privilege. *Id.* The court further found that " 'witnesses are immune from *all* claims arising out of all testimony.' " (Emphasis supplied.) *Id.* at 775, 54 P.2d at 745. The plaintiff argued that her suit was not based upon "[the psychologist's] testimony but, rather, on '[the psychologist's] negligently premature and uninformed allegation of [Munchhausen syndrome by proxy,]' " and that

therefore, no immunity should be afforded. *Id.* at 776, 54 P.2d at 746. The court found that the psychologist's statements diagnosing the plaintiff with Munchhausen syndrome by proxy were afforded absolute immunity.

We find the above case law to be persuasive in the present case. Specifically, we find *Gustafson v. Mazer, supra,* to be particularly persuasive. The facts of that case are similar to those of the present case.

In the present case, Davidson apparently diagnosed Drew's daughter with brain damage, and Drew contends that Davidson then contradicted himself when Davidson stated in his affidavit that Drew's daughter did *not* have brain damage and that Drew needed a " 'full psychiatric evaluation' " before being allowed to be alone with any of his children. Davidson also allegedly stated in his affidavit, "It is a travesty and a danger for the children to continue in the placement with [Drew]." Drew alleged that Davidson stated in his affidavit that Drew was " 'delusional in his thinking.' " Drew contended that these statements were made outside Davidson's expertise and that thus, Davidson committed medical malpractice in making such a diagnosis. Drew also contends that these statements form the basis for a cause of action for intentional infliction of emotional distress.

We also note that Davidson's affidavit regarding Drew's daughter's condition and Drew's condition was related to the judicial proceedings being conducted at the time. Davidson submitted his affidavit during a custody proceeding, and thus, it was relevant to the issue of to whom custody should have been awarded. Given the above case law, Davidson cannot be sued for medical malpractice or intentional infliction of emotional distress, because his statements are afforded absolute immunity. It does not matter that the trial court granted Appellees' demurrer because there were insufficient facts pled. A trial court's decision will be upheld even if it gave a different reason. See *Thornton v. Grand Island Contract Carriers,* 262 Neb. 740, 634 N.W.2d 794 (2001). The court did not err when it granted Appellees' demurrer. This assigned error is without merit.

### 3. Opportunity to Further Plead

Given our conclusion that Davidson's statements were subject to absolute immunity, it is not necessary for us to address this

issue, because in light of the above discussion, it would be impossible for Drew to plead a cause of action. See *Wagner v. Union Pacific RR. Co.*, 11 Neb. App. 1, 642 N.W.2d 821 (2002) (appellate court is not obligated to engage in analysis not needed to adjudicate case and controversy before it).

## V. CONCLUSION

The district court did not err when it sustained Appellees' demurrer to Drew's second amended petition. Davidson's statements are entitled to absolute immunity. Therefore, no cause of action for medical malpractice or intentional infliction of emotional distress can stand.

AFFIRMED.