EARL L. NELSON, APPELLANT, V. RALPH E. ROSENBERG, APPELLEE.

280 N. W. 229

FILED JUNE 15, 1938. No. 30364.

M. O. Bates, for appellant.

Cook & Cook and W. A. Stewart, Jr., contra.

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and MESSMORE, JJ., and RYAN, District Judge.

PAINE, J.

To an amended petition asking damages for the utter-

ance of alleged slanderous words in the presence of divers persons, a demurrer was sustained, and the petition dismissed.

The plaintiff, in his amended petition, brought action under section 20-839, Comp. St. 1929, and alleged that the defendant, wickedly intending to injure the plaintiff, in the presence and hearing of divers persons, falsely and maliciously did speak, utter, and publish these false, slanderous, and defamatory words of and concerning the plaintiff: "He is not reliable;" "he is one of the biggest crooks in Dawson county;" "he wouldn't pay an honest debt if he could get out of it." Then followed the allegation that by innuendo defendant intended to impute that plaintiff was a dishonest person, that he was a tricky and underhanded schemer, that he was a thief or swindler, a sharp, a cheat, a professional rogue, or a person who belonged to the criminal class, knowing that such statements and innuendo were wholly false, malicious, and slanderous; that by reason thereof plaintiff has been greatly injured in his character, credit, reputation, and business and social standing in the community, and his name has been brought into public scandal, infamy, and disgrace, that he has suffered great anxiety and pain of body and mind, to his damage in the sum of $7,000.

To this amended petition a general demurrer was filed, and after argument the court sustained the demurrer and gave plaintiff 15 days to file an amended petition. The plaintiff, electing to stand upon his amended petition, refused to plead further, and the action was dismissed.

The plaintiff insists that his petition stated a cause of action, and that the words used constituted slander within the meaning of the law. It is true that "A demurrer to a petition in an action for libel or slander admits the allegation that the defamatory words were duly published, as well as the allegation that the words were false and uttered with malice, but it does not admit any inferences of fact, or conclusions of law which may chance to be averred." 17 R. C. L. 398, sec. 153.

The first question which arises in respect to the allegations of the petition is whether the particular words used are actionable *per se*, for the same rules do not apply to libel as to slander, the law of slander being much narrower in scope than that of libel, for it has been held that defamatory matter printed and published may be actionable *per se*, while the same matter orally published would not be so. 36 C. J. 1152.

It has been frequently held that no action lies for a mere verbal abuse and calling of names in the absence of an allegation of special damages. *Vinson v. O'Malley*, 25 Ariz. 552, 220 Pac. 393, 37 A. L. R. 877.

In the leading case of *Pollard v. Lyon*, 91 U. S. 225, 23 L. Ed. 308, Mr. Justice Clifford said: "Actionable words are doubtless such as naturally imply damage to the party; but it must be borne in mind that there is a marked distinction between slander and libel, and that many things are actionable when written or printed and published which would not be actionable if merely spoken, without averring and proving special damage."

Words charging one with being a thief are not actionable *per se* when they are spoken in an outburst of excitement and passion, being understood by the hearers to be mere terms of abuse. *Yakavicze v. Valentukevicious*, 84 Conn. 350, 80 Atl. 94, Ann. Cas. 1912C, 1264; *Davis v. Meyer*, 115 Neb. 251, 212 N. W. 435.

Pollock, C. B., said: "It is, therefore, not more actionable to call a man a 'blackleg' than it is to call him a 'villain,' a 'cheat,' a 'swindler,' or any other opprobrious term not necessarily imputing the commission of a particular crime." *Barnett v. Allen*, 3 Hurlst. & N., *376, 157 Eng. Reprint, 516, and it was held that the term "blackleg" was not actionable *per se*.

The plaintiff cites *Mertens v. Bee Publishing Co.*, 5 Neb. (Unof.) 592, 99 N. W. 847, in which it was said of a man that he would not pay his honest debts, that he owed his tailor for making the garments in which he was married, and owed his physician for attending his first wife during

her fatal illness, and owed other bills too numerous to mention. However, the article making this newspaper attack was nearly a column in length, and a series of such articles were published. This court held that these charges were libelous *per se,* as the law implied malice when such false statements were given publicity through a newspaper.

This court has taken the stand: "If the published words are obviously defamatory, that is, libelous *per se,* it is not necessary by innuendo to allege or explain the meaning of the words published, nor to allege special damages." *Callfas v. World Publishing Co.,* 93 Neb. 108, 139 N. W. 830. And in a very recent case we have held that "Words to be slanderous *per se* must not only convey the expression of a wrong which is actionable, but also the nature of the particular wrong," and that if such words are used which are not slanderous *per se* it is necessary to allege and prove special damages. *Hudson v. Schmid,* 132 Neb. 583, 272 N. W. 406.

In the case at bar, the plaintiff set out the words in his petition which are claimed to be defamatory, and then deemed it necessary to add an innuendo to make the meaning of these words clear to the jury to which he hoped to submit the action. If it was necessary to use an innuendo, it was just as necessary to allege and prove the special damages which resulted from the plaintiff's use of these words.

It is not the purpose of the innuendo to set out any additional facts, but it is used to explain what is ambiguous about the slanderous words. If the meaning is plain, no innuendo is needed. The innuendo does not add to or enlarge the slanderous words used, but simply sets out the meaning intended to be conveyed by ascribing a meaning, of which the words may not be easily susceptible, by showing the application of the word. *Sturdivant v. Duke,* 155 Ky. 100, 159 S. W. 621, 48 L. R. A. n. s. 615; *Wisner v. Nichols,* 165 Ia. 15, 143 N. W. 1020; *Estelle v. Daily News Publishing Co.,* 99 Neb. 397, 156 N. W. 645; *Id.* 101 Neb. 610, 164 N. W. 558.

It is said that spoken words are "slanderous *per se*" only if they falsely impute the commission of a crime involving moral turpitude, an infectious disease, or unfitness to perform duties of an office or employment, prejudice him in his profession or trade, or tend to disinherit him. *Axton-Fisher Tobacco Co. v. Evening Post Co.*, 169 Ky. 64, 183 S. W. 269, L. R. A. 1916E, 667, Ann. Cas. 1918B, 560. See, also, *Walker v. Bee-News Publishing Co.*, 122 Neb. 511, 240 N. W. 579; *Bigley v. National Fidelity & Casualty Co.*, 94 Neb. 813, 144 N. W. 810.

The plaintiff stated in his argument that to say of a man that "he is one of the biggest crooks in Dawson county" classifies him as a public enemy, a professional rogue, a criminal to be shunned by law-abiding citizens. Now, in determining whether the words are actionable, the court will not resort to any technical construction of the language used, but construe it in its ordinary and popular sense.

The word "crook" is ordinarily used to denote a person who has been guilty of some dishonest, wrongful, or deceitful conduct, such as might or might not subject him to criminal prosecution, but it certainly does not of itself express, or with any degree of certainty suggest, the nature of the wrong done, for while it is a term of reproach, it is not a word that clearly charges any particular crime. This court finds that the words used, to wit, "crook" and "not reliable," were clearly words of general abuse; that they were derogatory and disparaging, but that they do not constitute a basis for a recovery of damages in the absence of a specific allegation of special damages.

We have, therefore, reached the conclusion that the words alleged to have been used are not slanderous *per se,* and that plaintiff was not entitled to recover, as no special damage was alleged, and therefore the trial court was right in sustaining the demurrer and dismissing the petition.

AFFIRMED.

ROSE, J., dissents.