BOBBY CUMMINGS, APPELLANT, v. VINCE KIRBY, APPELLEE.

343 N.W.2d 747

Filed January 27, 1984. No. 83-325.

Bobby Cummings, pro se.

Vince Kirby, pro se.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

This is an action for slander brought by the appellant, Bobby Cummings, against the appellee, Vince Kirby. Kirby is an attorney who represented the appellant's mother, Iva Cummings, a plaintiff in a legal action for personal injury. That case was tried to a jury, resulting in a verdict against Iva on

December 3, 1982. A brief meeting was held between Iva and Kirby immediately after the verdict. Cummings was not at this meeting.

On December 6, 1982, Cummings and his mother met with Kirby in his law office to discuss the problems they had had with the lawsuit and the manner in which Kirby had been handling the case. During this visit, Kirby remarked he had been told that "[e]veryone in Pierce County thinks Bobby Cummings is a crook." The present action was commenced as a result of that statement.

Both parties filed motions for summary judgment with supporting affidavits, and, after hearing, the district court found that the statements made by Kirby to the appellant's mother, Iva Cummings, were in reference to matters that were incident to and in the course of judicial proceedings involving her; that the statements were relevant to the judicial function which was then being performed; and that all statements made to the appellant's mother were absolutely privileged as a matter of law. The court also found that no material issue of fact existed, entered summary judgment for Kirby, and denied summary judgment for Cummings.

Cummings assigns as error the finding that the conversation between his mother and Kirby on December 6, 1982, was absolutely privileged as a part of a judicial proceeding. For the reasons set out below we affirm the action taken by the district court.

The defense of privilege in a defamation action involving attorneys' statements is outlined in the Restatement (Second) of Torts § 586 (1977), which states at 247: "An attorney at law is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding."

Comment a. following § 586 elaborates: "The

privilege stated in this Section is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients. Therefore the privilege is absolute." *Id.* at 247.

This court has adopted the view that absolute privilege attaches to defamatory statements made incident to, and in the course of, a judicial proceeding if the defamatory matter has some relation to the proceedings, and this court has cited the Restatement, *supra*, with approval. *Sinnett v. Albert*, 188 Neb. 176, 195 N.W.2d 506 (1972).

In this case Cummings asserts the privilege is not available to Kirby because the defamatory statement was made *after* the trial, and the meeting between Kirby and Cummings' mother on December 6, 1982, had no relation to the proceedings. Cummings also alleges that the attorney-client relationship between Iva Cummings and Kirby was over on December 6, 1982, when Kirby spoke with Cummings and his mother.

Cummings' mother's affidavit states the December 3, 1982, meeting with the appellee after the trial was to "find out what procedure was to be taken next with my lawsuit . . . ." The December 6, 1982, meeting was also at Kirby's office, and the purpose was to discuss the problems with the trial and with Kirby's handling of the case, including disagreements between client, attorney, and Cummings.

Moreover, at the hearing on the motion for summary judgment, Cummings submitted in evidence a letter dated December 13, 1982, from Iva Cummings to Kirby, discharging Kirby as her attorney. This letter was written a week after the meeting in which the defamatory statement was alleged to have been made, and 10 days after Cummings alleges his mother was no longer represented by Kirby. Kirby was Iva's attorney on December 6, 1982.

The reasoning of *Sinnett v. Albert*, *supra*, and of the Restatement, *supra*, extends to communications

after a trial which are pertinent to the attorney-client discussions in explaining what has occurred and what further action is possible. It is obvious that some decision had to be made with regard to a possible motion for new trial. We therefore agree with the district court that Kirby's statements to Cummings' mother were in reference to matters incident to the judicial proceedings and were consequently absolutely privileged as a matter of law.

Cummings' cause of action is legally deficient on another ground. The petition in this matter alleges that Kirby stated that others referred to Cummings as a "crook." This court has stated that the word "crook" is a word of general abuse, and while derogatory and disparaging, does not constitute a basis for recovery of damages in the absence of a specific allegation of special damages. *Nelson v. Rosenberg*, 135 Neb. 34, 280 N.W. 229 (1938). Cummings' petition did not allege any special damages.

The trial court was correct in granting Kirby's motion for summary judgment and in denying Cummings' motion for summary judgment.

AFFIRMED.