MILO M. HRUBY, APPELLANT, V. EDWARD KALINA, APPELLEE.

424 N.W.2d 130

Filed June 3, 1988.   No. 86-523.

Robert R. Otte of Hecht, Sweet, Alesio, Morrow, Poppe & Otte, P.C., for appellant.

Matthew Hanson of Steinacher, Vosoba & Hanson, for appellee.

BOSLAUGH, WHITE, and SHANAHAN, JJ., and GITNICK and GARDEN, D. JJ.

GARDEN, D.J.

This is an appeal from the district court's grant of summary judgment against the plaintiff, Milo M. Hruby. Plaintiff's amended petition alleged in part that the defendant, Edward Kalina, "in the presence and hearing of other persons, falsely and maliciously did speak and publish the following false and defamatory words, that is to say: 'You crooked bastard you' (referring to plaintiff) and 'you're crooked . . . you stole the money' (all referring to this plaintiff)." Plaintiff further alleged that "said defamatory words [were] meant and intended by the defendant to impute the commission of a crime and subject the plaintiff to public ridicule, ignominy, disgrace, and tended to disinherit the plaintiff and were slanderous per se." Finally, plaintiff alleged that "plaintiff has been greatly injured in his good name all to his general damage." The amended petition contained no allegation of special damages. Defendant filed an answer in the nature of a general denial and moved for summary judgment. The trial court granted summary judgment and dismissed the plaintiff's amended petition, basing its decision upon the failure of the plaintiff to plead special damages, citing *Hudson v. Schmid*, 132 Neb. 583, 272 N.W. 406 (1937).

The issue presented here is whether the words "[y]ou crooked bastard you" and "you're crooked . . . you stole the money" were slanderous per se.

In *Hennis v. O'Connor*, 223 Neb. 112, 115, 388 N.W.2d 470, 473 (1986), we said:

> For a plaintiff to make a submissible case of slander *per se*, the alleged defamatory statements must convey not only "the expression of a wrong which is actionable, but also the nature of the particular wrong." . . . The language, by its nature and obvious meaning, must falsely charge a person with commission of a crime or subject him to public ridicule, ignominy, or disgrace.

We further said at 116, 388 N.W.2d at 474:

> In determining whether a statement is actionable per se, the court is to construe the language in its ordinary and popular sense. *Nelson v. Rosenberg, supra*. The court should neither strain to find innocent meanings for

statements which are prima facie defamatory nor place forced constructions on terms which may fairly be deemed harmless. See *Tennyson v. Werthman*, 167 Neb. 208, 92 N.W.2d 559 (1958).

The words "[y]ou crooked bastard you" and "you're crooked" are not actionable per se. This court has stated that the word "crook" is a word of general abuse and, while derogatory and disparaging, does not constitute a basis for recovery of damages in the absence of a specific allegation of special damages. See, *Nelson v. Rosenberg*, 135 Neb. 34, 280 N.W. 229 (1938); *Cummings v. Kirby*, 216 Neb. 314, 343 N.W.2d 747 (1984). The same is true concerning the word "bastard." "Oral words charging a person with being an illegitimate are not slanderous or actionable per se." 53 C.J.S. *Libel and Slander* § 27 at 70 (1987).

This leaves, for final consideration, the words "you stole the money." *Hennis v. O'Connor, supra*, discussed the issue as follows:

The Restatement (Second) of Torts § 615(1) (1977) provides that it is for the court to determine "whether a crime . . . imputed by spoken language is of such a character as to make the slander actionable per se." Comment *a.* to this section explains that if the language clearly imputes commission of a criminal offense by the plaintiff, the court is to determine if the offense is one which satisfies the requirements of the Restatement, *supra* § 571(a) and (b). Under § 571, imputation of a crime presents slander per se if the crime, in the place of publication, would be "(a) punishable by imprisonment in a state or federal institution, or (b) regarded by public opinion as involving moral turpitude." Restatement, *supra* § 571(a) and (b).

Prior to a determination that a statement amounts to slander per se, the court decides (1) whether a communication is susceptible of a particular meaning and (2) whether that meaning is defamatory. Restatement, *supra* § 614(1)(a) and (b). Then, according to the Restatement, it is for the jury to decide whether the statement, capable of a defamatory meaning, was so

understood by its recipient. Restatement, *supra* § 614(2). Generally, Nebraska law is in accord with part of these procedural guidelines.

223 Neb. at 117, 388 N.W.2d at 474.

In the case at bar, the statement "you stole the money" clearly imputes to the plaintiff the crime of theft. Such a crime in Nebraska is punishable by imprisonment and would also be regarded by public opinion as a crime involving moral turpitude. "It is generally accepted that larceny . . . and theft are crimes which involve moral turpitude." 58 C.J.S. *Moral* at 1206 (1948). The words "you stole the money" were slander per se. This presents questions for the jury as to whether the defendant made the statement as alleged by the plaintiff; whether the statement, if made by the defendant, referred to the plaintiff; and the extent of any resulting damages. The trial court erred in dismissing the amended petition of the plaintiff for failure to plead special damages. If slander per se is properly alleged, special damages need not be pled. See, *Hudson v. Schmid, supra*; *Nelson v. Rosenberg, supra*.

The judgment of dismissal is therefore reversed, and this cause is remanded for trial.

REVERSED AND REMANDED.