[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is a defamation action brought by Charles J. Mozzochi against Mitchell Pearlman who is Executor Director and General Counsel for the Connecticut Freedom of Information Commission (the "Commission" or "FOIC"). It is undisputed that there has been a long-standing dispute between the plaintiff and the Town of Glastonbury, as well as the FOIC. Over the years the plaintiff has filed numerous complaints under the FOIC against the town. Defendant, as counsel on behalf of the Commission, has participated in numerous hearings in connection with the feud between the plaintiff and the town.
On June 23, 1993 a sheriff, accompanied by the plaintiff, served upon the defendant, several commission members and a commission staff attorney, a writ and summons for a federal action accusing them of violating his rights under the United States Constitution and under Title 42 of the United States Code sections 1983 and 1988. Plaintiff also had a deputy sheriff serve upon defendant, a staff attorney of the commission and two officials of Glastonbury, a writ and summons in a state action for vexatious litigation. The service was made immediately prior to a scheduled public meeting of the FOIC.
During the public meeting immediately following plaintiff's service of the federal suit, plaintiff made a public statement to the commission in which he threatened further legal action against the commission. He then left the hearing room.
Following the plaintiff's departure the defendant, as the commission's general counsel, was asked by the commission to discuss the federal lawsuit that plaintiff had just served on commission members and staff. The defendant stated that it was his opinion that plaintiff's lawsuit, as well as other suits and grievances plaintiff had filed or threatened to file CT Page 10950 "constituted a form of legal terrorism" on his part and were part of his established pattern and practice of attempting to intimidate public officials by filing frivolous and harassing lawsuits against them.
On June 24, 1993, the day after the hearing, the Hartford Courant wrote an article about what occurred at the hearing. The article stated: "A federal rights suit filed Monday by Glastonbury resident C.J. Mossochi against the state's Freedom of Information Commission and Glastonbury town officials is an act of `legal terrorism and harassment,' the commission's executive director, Mitchell Pearlman, said Wednesday."
Plaintiff in the present suit claims that defendant's statement was false and malicious and in effect accuses him of criminal conduct. He further alleges that said statement constitutes libel which was intentionally malicious.
Defendant moves for summary judgment on the complaint. He claims that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.
First, defendant claims his statement constitutes constitutionally protected opinion. The court agrees. Defendant's statement is protected opinion that could not reasonably be interpreted as accusing plaintiff of criminal conduct. Greenbelt Pub. Assn. v. Bresler, 398 U.S. 6 (1970). Goodrich v. Waterbury Republican-American, Inc., 188 Conn. 107
(1982); Wollen v. Brown, No. CV89 260350 (Aug. 27, 1992) 1992 Ct. CaseBase 8094. Within the context in which the statement was made it was merely a statement of opinion insufficient to sustain an action for slander. Perruccio v. Arsenault,7 Conn. App. 389 (1986).
Second, defendant claims that the statement is not reasonably capable of defamatory meaning. The court agrees. Defendant's statement cannot be construed to suggest that the plaintiff participated in criminal conduct of any kind. "Legal terrorism" is not a crime under either Connecticut or federal law.
Third, defendant claims that he was absolutely privileged to make the statement in issue. The court agrees because the statement was uttered by an attorney preliminary to a proposed CT Page 10951 judicial proceeding and related to that proceeding. Petyan v. Ellis, 200 Conn. 243 (1986); Cummings v. Kirby, 216 Neb. 314,343 N.W.2d 747; Arneja v. Gildar, 541 A.2d 621 (1988); Rady v. Lutz, 444 N.W.2d 58 (Wis.Ct.App. 1989); Irwin v. Cohen,40 Conn. Sup. 259 (1985).
The motion for summary judgment is granted.
Allen, J.