**Marci Ann GOLDSTEIN, Wayne Goldstein and Judith Goldstein, Plaintiffs,**

v.

**KINNEY SHOE CORPORATION, Wade Abed, Eric Dregne, Kevin Romano a/k/a Ehab Moustafa and Brian Duda, Defendants.**

**No. 95 C 5445.**

United States District Court, N.D. Illinois, Eastern Division.

July 3, 1996.

___

constitute continuous and systematic general business contacts.

596

Peter R. Carey, Mandel, Lipton & Stevenson, Ltd., Chicago, IL, Stephen Mark Passen, David G. Susler, Adam Hoyt Fleischer, Stephen M. Passen, Ltd., Chicago, IL, for plaintiffs.

Jody Wilner Moran, Martin Harris, Connelly, Sheehan & Moran, Chicago, IL, for Kinney Shoe Corporation.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiffs, Marci Ann Goldstein ("Ms. Goldstein"), Wayne Goldstein, and Judith Goldstein, filed their complaint against the defendants, Kinney Shoe Corporation ("Kinney"), Wade Abed, Eric Dregne, Kevin Romano a/k/a Ehab Moustafa, and Brian Duda, on September 22, 1995. On November 8, 1995, Messrs. Abed, Dregne, Moustafa, and Duda filed their answers, defenses, and counterclaims to the complaint. Each of them asserted counterclaims alleging defamation and intentional infliction of emotional distress. Mr. Duda also set forth a counterclaim for battery. The plaintiffs have filed a motion to dismiss the counterclaims. For the reasons discussed below, the plaintiffs' motion is denied.

#### Defamation

In their motion, the plaintiffs argue that the defendants fail to adequately allege defamation per se. They contend that the defendants were obligated to provide the exact language of the allegedly defamatory statements. Federal pleading standards generally require a plaintiff (or counter-plaintiff) pleading a state law defamation claim to recite the specific words alleged to be defamatory. *Pelech v. Klaff-Joss, LP,* 828 F.Supp. 525, 534 (N.D.Ill.1993) (citing *Vantassell-Matin v. Nelson,* 741 F.Supp. 698, 707 (N.D.Ill.1990)). The purpose of requiring *in haec verba* pleading is to enable the defendant (or counter-defendant) to responsively plead. *Id.*

Here, although the defendants did not enclose the allegedly defamatory statements in quotation marks, there is nothing to indicate that they have not set forth the plaintiffs' actual words. Moreover, the plaintiffs have sufficient information to construct a responsive pleading. They are on notice that the defendants seek to hold them liable for pub-

lishing accusations that the defendants sexually abused Ms. Goldstein. Accordingly, I will not dismiss the defendants' defamation counterclaims on the grounds that they do not allege the exact words of the statements. *See id.; Vantassell–Matin,* 741 F.Supp. at 708.

■■■ The plaintiffs next argue that the defendants have not alleged to whom they made the statements. "Publication is an essential element of a cause of action for libel or slander. The only requirement for publication is that the defamatory statements be communicated to a third person." *Jones v. Britt Airways, Inc.,* 622 F.Supp. 389, 391 (N.D.Ill.1985). Each defendant alleges that the plaintiffs published the statements to "various persons, including, but not limited to numerous Kinney employees." Counterclaims, ¶ 6. Thus, the defendants allege communication to a third party. *Id.*

■■■ The plaintiffs contend that even so, the allegation that the plaintiffs published the allegedly defamatory remarks to "various persons, including, but not limited to numerous Kinney employees" is too broad to permit the plaintiffs to determine whether the remarks were privileged. Absolute or qualified privilege is an affirmative defense to a claim of defamation. *Babb v. Minder,* 806 F.2d 749, 753 (7th Cir.1986); *Harris v. News–Sun,* 269 Ill.App.3d 648, 646 N.E.2d 8, 10, 206 Ill.Dec. 876, 878 (2nd Dist.1995). Thus, the fact that the plaintiffs cannot glean the elements of privilege from the face of the defendants' counterclaims does not doom the counterclaims. *See Buchanan v. Serbin Fashions, Inc.,* 698 F.Supp. 731, 733 (N.D.Ill. 1988).

■■■ The plaintiffs further argue that the statements which the defendants plead cannot constitute defamation per se. If the defendants allege that the plaintiffs made statements which impute that the defendants have committed crimes, then the defendants adequately plead defamation per se. *See Haynes v. Alfred A. Knopf, Incorporated,* 8 F.3d 1222, 1226 (7th Cir.1993). The plaintiffs maintain that the defendants have not so alleged. I disagree.

Mr. Abed and Mr. Dregne allege that the plaintiffs have told others that Mr. Abed and Mr. Dregne "forced" Ms. Goldstein to engage in various sexual acts. Thus, they allege that the plaintiffs have accused them of criminal sexual assault, which is a class 1 felony under 720 ILCS 5/12–13. The plaintiffs also have allegedly stated that Mr. Abed and Mr. Duda exposed themselves to Ms. Goldstein in a Kinney store; "[t]hat [Mr.] Abed has molested more than 30 underage girls;" that Mr. Abed, Mr. Duda, and Mr. Moustafa touched and grabbed Ms. Goldstein's breasts and buttocks "against her will and without her consent;" and that Mr. Duda has beaten his wife. Such statements impute that the defendants have committed crimes. *See* 720 ILCS 5/12–3, 5/11–9, 5/12–16. Accordingly, the defendants adequately plead defamation per se.[1]

■■■ The plaintiffs assert that I should dismiss the defamation counterclaims as the defendants have not pled the dates on which the plaintiffs allegedly published the statements. The plaintiffs claim that these dates are relevant to whether the one year statute of limitations applicable to defamation actions bars the counterclaims. *See* 735 ILCS 5/13–201. Under 735 ILCS 5/13–207, however, "a defendant in a lawsuit may bring a counterclaim after the period authorized in the applicable statute of limitations has elapsed, as long as the plaintiff's claim arose before the cause of action brought as a counterclaim was barred." *Bethlehem Steel Corporation v. Chicago Eastern Corporation,* 863 F.2d 508, 511 (7th Cir.1988). Ms. Goldstein's

---

1. This conclusion renders it unnecessary to address the plaintiffs' contention that the defendants have not asserted a claim for defamation per se because the alleged defamatory statements do not indicate "an inability to perform or want of integrity in the defendant's [sic] ability to perform his [sic] job." Pls.' Memo., p. 4. It also is not necessary to resolve the plaintiffs' argument urging dismissal of the counterclaims for failing to plead special damages. *See Haynes,* 8 F.3d at 1226 (stating that a plaintiff who shows defamation per se does not have to prove special damages). Furthermore, because the alleged defamatory statements so clearly accuse the individual defendants of committing crimes, the "innocent construction" doctrine does not apply. *See id.*

claim arose during the period that she was employed at Kinney, which was from March, 1992 through September, 1992. The defendants allege that the plaintiffs published the statements beginning no earlier than when Ms. Goldstein started working at Kinney. Pursuant to paragraph 5/13–201, the defendants had at least until March, 1993 before the statute of limitations barred their defamation claims. The plaintiffs' action therefore arose prior to the date on which the limitation period for the defendants' defamation claims expired. Accordingly, the defendants filed their defamation counterclaims in a timely manner.

The final argument on which the plaintiffs base their motion to dismiss the counterclaims alleging defamation is that Mr. Dregne pled guilty to having sexual relations with Ms. Goldstein. The plaintiffs assert that because truth is a defense to defamation, Mr. Dregne's counterclaim must fail. In response, the defendants explain that Mr. Dregne pled guilty only to engaging in sexual relations with Ms. Goldstein when she was sixteen years old and he was less than five years older than she. Mr. Dregne's counterclaim alleges that the plaintiffs accused him of coercing Ms. Goldstein to take part in sexual activities between March and September, 1992. It is therefore primarily based on events occurring after Ms. Goldstein turned seventeen on March 3, 1992. The guilty plea is not relevant to that time period. Moreover, Mr. Dregne apparently did not plead guilty either to *forcing* Ms. Goldstein to engage in sexual acts with him or participating in sexual activities with Mr. Abed and Ms. Goldstein at the same time. The plaintiffs do not dispute these assertions in their reply brief. Mr. Dregne's counterclaim alleging defamation will stand. Mr. Abed's, Mr. Moustafa's, and Mr. Duda's defamation counterclaims also will remain.

2. For the reasons stated above, the fact that Mr. Dregne pled guilty to having sexual relations with Ms. Goldstein does not affect this determination.

The cases on which the plaintiffs rely do not involve accusations of criminal sexual conduct and therefore are not instructive.

The plaintiffs contend that I should grant their motion to dismiss the intentional infliction of emotion distress counterclaims on the basis of

## Intentional Infliction of Emotional Distress

The plaintiffs argue that the defendants have failed to state a claim for intentional infliction of emotional distress on the basis that the alleged defamation was not sufficiently extreme and outrageous. *See Lopacich v. Falk*, 5 F.3d 210, 212 (7th Cir. 1993). I do not agree. The alleged defamatory statements are not "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.* Rather, the statements, which the defendants assert were published to many other Kinney employees, charge the defendants with criminal sexual conduct. The alleged statements are extreme and outrageous, and the defendants' counterclaims of intentional infliction of emotional distress will remain.[2]

## Battery

Finally, the plaintiffs argue that I should dismiss Mr. Duda's counterclaim alleging battery on the basis that it is barred by the two year statute of limitations under 735 ILCS 5/13–202. Mr. Duda alleges that Ms. Goldstein committed battery against him between March, 1992 and June, 1992. The earliest date on which Mr. Duda's claim could have been barred is March, 1994. Because the plaintiffs' claims arose before March, 1994, i.e., between March and September, 1992, Mr. Duda filed his counterclaim in a timely manner. *See* 735 ILCS 5/13–207; *see also supra* at pp. 598–599. Mr. Duda's battery counterclaim will accordingly stand.

## Conclusion

For the foregoing reasons, the plaintiffs' motion to dismiss Mr. Abed's, Mr. Dregne's,

"the power and influence wielded by the harassing party." *See Lopacich*, 5 F.3d at 212. The plaintiffs allege that while Ms. Goldstein worked at Kinney, the four individual defendants had supervisory authority over her. The position of Ms. Goldstein's parents relative to these four defendants is, however, unclear. Therefore, I do not have enough information at this time to assess the harassing party's power and influence.

Mr. Moustafa's, and Mr. Duda's counter-claims is denied.