DUKHAN IQRAA JIHAD MUMIN, APPELLANT, AND ABDUL ALI AL'AMIN AND BASHIR WALI ABDUL-RAHMAN, APPELLEES, V. RICK DEES AND KSRZ FM/STAR 104.5 RADIO STATION, APPELLEES.

663 N.W.2d 125

Filed June 20, 2003.   No. S-02-967.

Dukhan Iqraa Jihad Mumin, pro se.

No appearance for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.
## FACTUAL BACKGROUND
In October 2001, appellant, Dukhan Iqraa Jihad Mumin, together with two other plaintiffs (collectively plaintiffs), filed a petition against appellees, Rick Dees and the KSRZ FM/Star 104.5 radio station. Mumin's petition, brought pursuant to the "Nebraska [l]ibel, slander, and invasion of privacy statutes," alleged appellees made several malicious, slanderous, and "very inflammatory" comments with respect to members of the Islamic faith. The petition claimed such comments incited violence against Muslims in the United States and endangered the lives of plaintiffs and of plaintiffs' families. Plaintiffs sought declaratory and injunctive relief, as well as $150 million each in damages.

Summons was served on appellees at the KSRZ FM radio station. However, neither appellee filed a responsive pleading or otherwise appeared. The KSRZ FM radio station returned the summons along with a letter to the clerk of the Douglas County District Court. The letter stated, inter alia, that Dees was not an employee of the radio station. Thereafter, Mumin filed a motion for default judgment.

The district court overruled the motion for default judgment, stating that pursuant to *State on behalf of Yankton v. Cummings*, 2 Neb. App. 820, 515 N.W.2d 680 (1994), a plaintiff is not entitled to default judgment if the allegations of the petition fail to state a cause of action. Citing *Norris v. Hathaway*, 5 Neb. App. 544, 561 N.W.2d 583 (1997), the district court concluded that Mumin's petition failed to allege facts sufficient to show "a false

and defamatory statement concerning the plaintiff." The district court explained that

> [w]hen the defamed individual is not named in the publication, he or she must allege facts that show that the defamatory matter was spoken of him or her. [Citation omitted.] In the case at bar, the alleged statements concerned Muslims in general. Mumin has not asserted, nor do the facts show that Mumin was intended by alleged defamatory statements made by Defendant Dees and broadcast by Defendant Star 104.5.

Having determined that Mumin's petition failed to state a cause of action, the district court overruled the motion for default judgment by order entered March 14, 2002.

On March 21, 2002, Mumin filed a pleading styled "Motion for Reconsideration." In his motion, Mumin claimed his petition stated a cause of action and asked the court to reconsider its March 14 order. By order entered July 23, the district court overruled Mumin's "Motion for Reconsideration." There is no indication in the record that Mumin's petition was dismissed by the district court. Mumin filed his notice of appeal on July 31.

The Nebraska Court of Appeals dismissed Mumin's appeal by docket entry which read: "Appeal dismissed for lack of jurisdiction pursuant to Rule 7A(2). Appellant's notice of appeal was not filed within 30 days of the March 14, 2002, order overruling appellant's motion for default judgment." *Mumin v. Dees*, 11 Neb. App. lxi (No. A-02-967, Oct. 31, 2002).

Mumin petitioned this court for further review, which we granted.

## ASSIGNMENT OF ERROR

Mumin assigns that the Court of Appeals erred in dismissing his appeal for lack of jurisdiction.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Bailey v. Lund-Ross Constructors Co.*, 265 Neb. 539, 657 N.W.2d 916 (2003); *In re Interest of Anthony R. et al.*, 264 Neb. 699, 651 N.W.2d 231 (2002).

## ANALYSIS

Mumin assigns that the Court of Appeals erred in dismissing his appeal for lack of jurisdiction. Specifically, Mumin claims that pursuant to *State v. Bellamy*, 264 Neb. 784, 652 N.W.2d 86 (2002), decided by this court prior to the Court of Appeals' docket entry, his "Motion for Reconsideration" constituted a motion to alter or amend the judgment pursuant to Neb. Rev. Stat. § 25-1329 (Cum. Supp. 2002). Mumin argues that such motion, having been filed within 10 days of the district court's order overruling his motion for default, "terminated" his 30-day time limitation pursuant to Neb. Rev. Stat. § 25-1912(3)(b) (Cum. Supp. 2002). Thus, according to Mumin, his appeal was timely in that it was filed within 30 days of the district court's July 23, 2002, order overruling his "Motion for Reconsideration."

■ Before considering whether Mumin's appeal was timely under our holding in *Bellamy, supra,* we must first determine whether the order overruling Mumin's motion for default judgment from which the appeal was taken was a final, appealable order. For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken; conversely, an appellate court is without jurisdiction to entertain appeals from nonfinal orders. *Bailey, supra.*

■ Pursuant to Neb. Rev. Stat. § 25-1902 (Reissue 1995), an order is final for purposes of appeal if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered. *Bailey, supra.* Had the district court granted Mumin's motion for default judgment, every material allegation of the petition would have been taken as true against appellees except allegations of value and amount of damages. See *State of Florida v. Countrywide Truck Ins. Agency,* 258 Neb. 113, 602 N.W.2d 432 (1999). See, also, Neb. Rev. Stat. § 25-842 (Reissue 1995) (repealed by 2002 Neb. Laws, L.B. 876). Accordingly, for purposes of this appeal, we assume, without deciding, that the order overruling the motion for default judgment affected a substantial right of Mumin.

■ We turn then to consider whether the order overruling Mumin's motion for default judgment fits within any of the three categories of final orders set forth in § 25-1902. To constitute a

final, appealable order under the first category of § 25-1902, the case must involve an order which affects a substantial right in an action and which determines the action and prevents a judgment. *O'Connor v. Kaufman*, 255 Neb. 120, 582 N.W.2d 350 (1998).

> To be a "final order" under the first type of reviewable order, an order must dispose of the whole merits of the case and must leave nothing for further consideration of the court, and thus, the order is final when no further action of the court is required to dispose of the pending cause; however, if the cause is retained for further action, the order is interlocutory.

*Rohde v. Farmers Alliance Mut. Ins. Co.*, 244 Neb. 863, 868-69, 509 N.W.2d 618, 623 (1994). Accord *O'Connor, supra.* The district court overruled Mumin's motion for default judgment on the ground that Mumin's petition failed to state a cause of action. There is no indication in the record, however, that the district court took the additional step of dismissing Mumin's petition. Without an order dismissing the petition, the pending cause was "retained for further action" by the district court. We therefore conclude that the order was interlocutory and did not determine the action and prevent a judgment. See, *Kinsey v. Colfer, Lyons*, 258 Neb. 832, 606 N.W.2d 78 (2000) (determining that granting of plea in abatement without order of dismissal is not final, appealable order); *Gordon v. Community First State Bank*, 255 Neb. 637, 587 N.W.2d 343 (1998) (determining that sustaining of general demurrer not followed by judgment of dismissal terminating litigation does not constitute final, appealable order). This case does not fit within the first category of appealable orders pursuant to § 25-1902.

We next consider whether the order fits within the second category of final orders made during a special proceeding. This court has stated that for purposes of § 25-1902, a special proceeding includes " ' "every special statutory remedy which is not in itself an action." ' " *Jarrett v. Eichler*, 244 Neb. 310, 313, 506 N.W.2d 682, 685 (1993) (quoting *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991), and *Turpin v. Coates*, 12 Neb. 321, 11 N.W. 300 (1882)). A judgment rendered by the district court that is merely a step or proceeding within the overall action is not a special proceeding within the meaning of § 25-1902.

*Keef v. State,* 262 Neb. 622, 634 N.W.2d 751 (2001). A special proceeding which affects a substantial right is, by definition, not part of an action. *Currie v. Chief School Bus Serv.,* 250 Neb. 872, 553 N.W.2d 469 (1996).

It is clear that the motion for default judgment, filed within the context of Mumin's action for "[l]ibel, slander, and invasion of privacy," was merely part of the action in which it was filed. In this respect, it was analogous to a motion for leave to amend pleadings, which is also filed within the context of the overall action and is not separate from the overall action. This court has held that an order overruling a motion for leave to file an amended pleading is interlocutory and not appealable. *Knoell Constr. Co., Inc. v. Hanson,* 208 Neb. 373, 303 N.W.2d 314 (1981). We therefore conclude that the order overruling Mumin's motion was a step or proceeding within the overall action and thus was not made in a special proceeding within the meaning of § 25-1902. See *Keef,* 262 Neb. at 630, 634 N.W.2d at 759 (determining that order granting partial summary judgment was not special proceeding within meaning of § 25-1902 because it "was merely a step or proceeding within the overall action"). This case does not fit within the second category of appealable orders pursuant to § 25-1902.

Finally, we consider whether the order fits within the third category of orders made on summary application in an action after judgment is rendered. Since at the time the order was entered, no judgment had been entered with respect to the merits of Mumin's action for "[l]ibel, slander, and invasion of privacy," we conclude that the order was not entered after a judgment in the overall action. See, *Charles Vrana & Son Constr. v. State,* 255 Neb. 845, 587 N.W.2d 543 (1998) (determining order granting partial summary judgment was not entered after judgment and, thus, was not made on summary application in action after judgment was rendered); *In re Interest of R.G.,* 238 Neb. at 413, 470 N.W.2d at 787 (determining that juvenile court orders placing infant in temporary custody of Nebraska Department of Social Services were not entered "after judgment" is rendered within the meaning of § 25-1902). This case does not fit within the third category of appealable orders pursuant to § 25-1902.

In sum, we determine the order overruling Mumin's motion for default judgment is not a final, appealable order. Such determination is in accord with this court's previous holding in *Shedenhelm v. Shedenhelm*, 21 Neb. 387, 32 N.W. 170 (1887), that an order denying a motion for default against a defendant in a divorce action is not a final order.

## CONCLUSION

The order overruling Mumin's motion for default was not a final, appealable order. Upon further review from a judgment of the Court of Appeals, this court will not reverse a judgment which it deems to be correct simply because its reasoning differs from that employed by the Court of Appeals. *Rush v. Wilder*, 263 Neb. 910, 644 N.W.2d 151 (2002). For reasons different from those stated by the Court of Appeals, we conclude that the Court of Appeals was without appellate jurisdiction to consider the merits of Mumin's purported appeal. The judgment of the Court of Appeals dismissing Mumin's purported appeal is affirmed.

AFFIRMED.